T.C. Memo. 2005-74

UNITED STATES TAX COURT

THOMASITA TAYLOR, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14954-03L.                    Filed April 6, 2005.

    P filed a petition for judicial review pursuant to
sec. 6330, I.R.C., in response to a determination by R
that levy action was appropriate.

    <u>Held</u>:  Because P has advanced groundless
complaints in dispute of the notice of intent to levy,
R's determination to proceed with collection action is
sustained.

    <u>Held</u>, <u>further</u>, a penalty under sec. 6673, I.R.C.,
is due from P and is awarded to the United States in
the amount of $2,500.


Thomasita Taylor, pro se.

<u>Ric D. Hulshoff</u>, for respondent.

MEMORANDUM OPINION

WHERRY, <u>Judge</u>:  This case is before the Court on respondent's motion for summary judgment pursuant to Rule 121.[1, 2] The instant proceeding arises from a petition for judicial review filed in response to a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330.  The issues for decision are:  (1) Whether respondent may proceed with collection action as so determined, and (2) whether the Court, sua sponte, should impose a penalty under section 6673.

## Background

This case involves petitioner's 1993, 1994, 1995, and 1996 income tax liabilities.  A notice of deficiency with respect to these years was issued to petitioner and sent by certified mail on September 9, 1999, to 1836 West Mohave Street, Phoenix, Arizona 85007.  Petitioner did not file a petition with this Court in response to the notice of deficiency, and respondent assessed the taxes, additions to tax, and interest for all four

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2] As will be explained more fully <u>infra</u> in text, respondent initially filed a written motion for summary judgment on Sept. 20, 2004, that was denied by order of the Court dated Oct. 4, 2004.  At the close of proceedings in this case held on Oct. 20, 2004, at the trial session of the Court in Phoenix, Arizona, counsel for respondent moved to renew the motion for summary judgment.  The Court took the oral motion for summary judgment under advisement at that time.

years on February 21, 2000.  Notices of balance due were sent to petitioner on that date, as well as on March 27 and May 1, 2000.

Thereafter, on October 3, 2002, respondent issued to petitioner a Final Notice of Intent to Levy and Notice of Your Right to a Hearing, with regard to the 1993 through 1996 years. Respondent on November 7, 2002, received from petitioner a Form 12153, Request for a Collection Due Process Hearing, setting forth her disagreement with the proposed collection action, as follows:

> (1) There was a failure to determine a deficiency; (2) There was a failure to issue a Notice of Deficiency; (3) There was a failure to generate an assessment list; (4) There was a failure of the Commissioner to certify and transmit the assessment list; (5) There was a failure to record the assessment; (6) failure to provide record of assessment; and, (7) failure to send Notice of Assessment.

On December 3, 2002, respondent sent to petitioner a letter acknowledging receipt of her Form 12153.  Petitioner responded by submitting to respondent a document entitled "Declaration of Thomasita Taylor" stating, inter alia, that she "did not receive the Notices of Assessment" with respect to the 1993 through 1996 years.  By a letter dated May 15, 2003, the settlement officer to whom petitioner's case had been assigned scheduled a hearing for June 11, 2003, in Phoenix, Arizona.  Petitioner responded with a letter dated June 9, 2003, asking that the hearing be rescheduled.  A June 11, 2003, letter from the settlement officer rescheduled the hearing for July 24, 2003, and enclosed copies of

Forms 4340, Certificate of Assessments, Payments and Other Specified Matters, for each of the years in issue.[3]

Prior to the hearing, by a letter dated July 15, 2003, petitioner informed the settlement officer that in light of the recent opinion of this Court in Keene v. Commissioner, 121 T.C. 8 (2003), she wished to record the hearing. The settlement officer sent petitioner a response on July 21, 2003, advising that respondent's procedures barring recording had not changed and that petitioner would not be allowed to make an audio or stenographic recording of the hearing.

Petitioner appeared for the scheduled conference on July 24, 2003, but the hearing did not proceed when petitioner was not permitted to record. The settlement officer informed petitioner that he would make his determination based on the information in her file. Thereafter, on July 31, 2003, respondent issued the aforementioned Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 to petitioner sustaining the proposed levy action.

Petitioner's petition disputing the notices of determination was filed on September 5, 2003, and reflected an address at 1836 West Mohave, Phoenix, Arizona 85007. In the petition, the sole

---

[3] Although the June 11, 2003, letter contains a typographical error referring to the enclosures as "Certified Transcripts for 1994, 1995, 1996 and 1997", the actual enclosures sent were for the pertinent 1993 through 1996 years.

error assigned by petitioner was that the settlement officer refused to permit the collection hearing to be recorded. Petitioner then prayed that this Court issue an order requiring respondent to show cause why the determination should not be vacated; find the determination arbitrary, capricious, not supported by the evidence, and unreasonable; vacate the July 31, 2003, determination; and award petitioner costs and fees incurred in the prosecution of this action.[4]

On September 20, 2004, respondent filed a motion for summary judgment pursuant to Rule 121. Petitioner was directed to file any response to respondent's motion on or before September 30, 2004. Having not heard from petitioner, the Court on October 4, 2004, issued an order denying the motion for summary judgment, ruling as follows:

> As respondent correctly notes in the motion for summary judgment, issues raised by petitioner during the administrative process, i.e., in her Form 12153, have been repeatedly rejected by this and other courts or are refuted by the documentary record. Moreover, the Court observes that maintenance of similar arguments has served as grounds for imposition of penalties under section 6673. However, the case in its current posture does present a procedural shortcoming.
>
> On July 8, 2003, this Court issued Keene v. Commissioner, supra at 19, in which it was held that taxpayers are entitled, pursuant to section 7521(a)(1), to audio record section 6330 hearings. The taxpayer in

---

[4] The Court notes that to the extent that the petition seeks reasonable administrative and/or litigation costs pursuant to sec. 7430, any such claim is premature and will not be further addressed. See Rule 231.

that case had refused to proceed when denied the opportunity to record, and we remanded the case to allow a recorded Appeals hearing.  Id.  In contrast, we have distinguished, and declined to remand, cases where the administrative proceedings took place prior to our opinion in Keene v. Commissioner, supra; where the taxpayer had participated in an Appeals Office hearing, albeit unrecorded; and where all issues raised by the taxpayer could be properly decided from the existing record.  E.g., id. at 19, 20; Frey v. Commissioner, T.C. Memo. 2004-87; Durrenberger v. Commissioner, T.C. Memo. 2004-44; Brashear v. Commissioner, T.C. Memo. 2003-196; Kemper v. Commissioner, T.C. Memo. 2003-195.

The circumstances of the instant case are closely analogous to those in Keene v. Commissioner, supra, and diverge from those where it was determined that remand was not necessary and would not be productive.  Critically, the final letter denying recording was sent on July 21, 2003, the aborted hearing was held on July 24, 2003, and the notice of determination was issued on July 31, 2003.  Although these dates are subsequent to the opinion in Keene v. Commissioner, supra, petitioner was not afforded an opportunity for a recorded conference.  Further, because the requested face-to-face hearing was not held, there still exists a possibility that petitioner might have raised one or more nonfrivolous issues if the meeting had proceeded.

In this situation, the Court will not accept respondent's invitation to characterize the failure to allow recording as harmless error.  Hence, the Court will deny respondent's motion for summary judgment at this time.  As in Keene v. Commissioner, supra at 19, however, we admonish petitioner that if she persists in making frivolous and groundless tax protester arguments in any further proceedings with respect to this case, rather than raising relevant issues, as specified in section 6330(c)(2), the Court may consider granting a future motion for summary judgment.  In such an instance, the Court would also be in a position to impose a penalty under section 6673(a)(1).

The following day, October 5, 2004, the Court received from petitioner her response to respondent's motion.  Therein, petitioner principally reiterated her contentions that, on

account of the refusal to permit recording of the collection hearing, the underlying notice of determination should be vacated and her case remanded. She asked that the Court deny respondent's motion for summary judgment. The response was filed for the record, and the case proceeded to trial.

The case was called from the calendar of the trial session of the Court in Phoenix, Arizona, on October 18, 2004. Petitioner at that time submitted a pretrial memorandum that incorporated by reference the legal arguments stated in petitioner's earlier response to respondent's motion for summary judgment but offered no additional reasoning. At the calendar call, the Court explained to petitioner that she would be afforded an opportunity in a recorded proceeding before the Court to raise any issues or arguments that she wished to make concerning the notice of determination. The Court also warned petitioner, however, to take careful heed of the October 4, 2004, order and to ensure that any such arguments were not frivolous in nature.

The case was thereafter heard on October 20, 2004. Petitioner did not offer any evidence or testimony, and her comments were limited to vague assertions that the Forms 4340 should not be treated as conclusive proof, that she did not receive the notices of assessment, and that the case should be sent back for a recorded hearing. Counsel for respondent at this

time orally moved to renew respondent's motion for summary judgment, and the Court took the motion under advisement.

## Discussion

Rule 121(a) allows a party to move "for a summary adjudication in the moving party's favor upon all or any part of the legal issues in controversy."  Rule 121(b) directs that a decision on such a motion shall be rendered "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law."

The moving party bears the burden of demonstrating that no genuine issue of material fact exists and that he or she is entitled to judgment as a matter of law.  Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994).  Facts are viewed in the light most favorable to the nonmoving party.  Id.  However, where a motion for summary judgment has been properly made and supported by the moving party, the opposing party may not rest upon mere allegations or denials contained in that party's pleadings but must by affidavits or otherwise set forth specific facts showing that there is a genuine issue for trial.  Rule 121(d).

I.  Collection Actions

    A.  General Rules

Section 6331(a) authorizes the Commissioner to levy upon all property and rights to property of a taxpayer where there exists a failure to pay any tax liability within 10 days after notice and demand for payment.  Sections 6331(d) and 6330 then set forth procedures generally applicable to afford protections for taxpayers in such levy situations.  Section 6331(d) establishes the requirement that a person be provided with at least 30 days' prior written notice of the Commissioner's intent to levy before collection may proceed.  Section 6331(d) also indicates that this notification should include a statement of available administrative appeals.  Section 6330(a) expands in several respects upon the premise of section 6331(d), forbidding collection by levy until the taxpayer has received notice of the opportunity for administrative review of the matter in the form of a hearing before the Internal Revenue Service Office of Appeals.  Section 6330(b) grants a taxpayer who so requests the right to a fair hearing before an impartial Appeals officer.

Section 6330(c) addresses the matters to be considered at the hearing:

> SEC. 6330(c).  Matters Considered at Hearing.--In the case of any hearing conducted under this section--
>
> > (1) Requirement of investigation.--The appeals officer shall at the hearing obtain verification from the Secretary that the

requirements of any applicable law or administrative procedure have been met.

(2) Issues at hearing.--

(A) In general.--The person may raise at the hearing any relevant issue relating to the unpaid tax or the proposed levy, including--

(i) appropriate spousal defenses;

(ii) challenges to the appropriateness of collection actions; and

(iii) offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise.

(B) Underlying liability.--The person may also raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability.

Once the Appeals officer has issued a determination regarding the disputed collection action, section 6330(d) allows the taxpayer to seek judicial review in the Tax Court or a District Court, depending upon the type of tax.  In considering whether taxpayers are entitled to any relief from the Commissioner's determination, this Court has established the following standard of review:

where the validity of the underlying tax liability is properly at issue, the Court will review the matter on a de novo basis.  However, where the validity of the

underlying tax liability is not properly at issue, the Court will review the Commissioner's administrative determination for abuse of discretion. [Sego v. Commissioner, 114 T.C. 604, 610 (2000).]

B. Analysis

   1. Appeals Hearing

Hearings conducted under section 6330 are informal proceedings, not formal adjudications. Katz v. Commissioner, 115 T.C. 329, 337 (2000); Davis v. Commissioner, 115 T.C. 35, 41 (2000). There exists no right to subpoena witnesses or documents in connection with section 6330 hearings. Roberts v. Commissioner, 118 T.C. 365, 372 (2002), affd. 329 F.3d 1224 (11th Cir. 2003); Nestor v. Commissioner, 118 T.C. 162, 166-167 (2002); Davis v. Commissioner, supra at 41-42. Taxpayers are entitled to be offered a face-to-face hearing at the Appeals Office nearest their residence. Where the taxpayer declines to participate in a proffered face-to-face hearing, hearings may also be conducted telephonically or by correspondence. Katz v. Commissioner, supra at 337-338; Dorra v. Commissioner, T.C. Memo. 2004-16; sec. 301.6330-1(d)(2), Q&A-D6 and D7, Proced. & Admin. Regs. Furthermore, once a taxpayer has been given a reasonable opportunity for a hearing but has failed to avail himself or herself of that opportunity, we have approved the making of a determination to proceed with collection based on the Appeals officer's review of the case file. See, e.g., Taylor v. Commissioner, T.C. Memo. 2004-25; Leineweber v. Commissioner,

T.C. Memo. 2004-17; Armstrong v. Commissioner, T.C. Memo. 2002-224; Gougler v. Commissioner, T.C. Memo. 2002-185; Mann v. Commissioner, T.C. Memo. 2002-48.  Thus, a face-to-face meeting is not invariably required.

Regulations promulgated under section 6330 likewise incorporate many of the foregoing concepts, as follows:

Q-D6.  How are CDP hearings conducted?

A-D6.  * * * CDP hearings * * * are informal in nature and do not require the Appeals officer or employee and the taxpayer, or the taxpayer's representative, to hold a face-to-face meeting.  A CDP hearing may, but is not required to, consist of a face-to-face meeting, one or more written or oral communications between an Appeals officer or employee and the taxpayer or the taxpayer's representative, or some combination thereof. * * *

Q-D7.  If a taxpayer wants a face-to-face CDP hearing, where will it be held?

A-D7.  The taxpayer must be offered an opportunity for a hearing at the Appeals office closest to taxpayer's residence or, in the case of a business taxpayer, the taxpayer's principal place of business. If that is not satisfactory to the taxpayer, the taxpayer will be given an opportunity for a hearing by correspondence or by telephone.  If that is not satisfactory to the taxpayer, the Appeals officer or employee will review the taxpayer's request for a CDP hearing, the case file, any other written communications from the taxpayer (including written communications, if any, submitted in connection with the CDP hearing), and any notes of any oral communications with the taxpayer or the taxpayer's representative.  Under such circumstances, review of those documents will constitute the CDP hearing for the purposes of section 6330(b).  [Sec. 301.6330-1(d)(2), Q&A-D6 and D7, Proced. & Admin. Regs.]

This Court has cited the above regulatory provisions with approval.  See, e.g., <u>Taylor v. Commissioner</u>, <u>supra</u>; <u>Leineweber v. Commissioner</u>, <u>supra</u>; <u>Dorra v. Commissioner</u>, <u>supra</u>; <u>Gougler v. Commissioner</u>, <u>supra</u>.

With respect to the instant matter, the record reflects that petitioner was provided with an opportunity for a face-to-face hearing on July 24, 2003.  The hearing did not proceed when petitioner was not permitted to record the meeting.  As explained in our previous order in this case, in <u>Keene v. Commissioner</u>, 121 T.C. at 19, this Court held that taxpayers are entitled, pursuant to section 7521(a)(1), to audio record section 6330 hearings. The taxpayer in that case had refused to proceed when denied the opportunity to record, and we remanded the case to allow a recorded Appeals hearing.  <u>Id.</u>

In contrast, again as noted in our October 4, 2004, order, we have distinguished, and declined to remand, cases where the taxpayer had participated in an Appeals Office hearing, albeit unrecorded, and where all issues raised by the taxpayer could be properly decided from the existing record.  E.g., <u>id.</u> at 19-20; <u>Frey v. Commissioner</u>, T.C. Memo. 2004-87; <u>Durrenberger v. Commissioner</u>, T.C. Memo. 2004-44; <u>Brashear v. Commissioner</u>, T.C. Memo. 2003-196; <u>Kemper v. Commissioner</u>, T.C. Memo. 2003-195. Stated otherwise, cases will not be remanded to Appeals, nor determinations otherwise invalidated, merely on account of the

lack of a recording when to do so is not necessary and would not be productive.  See, e.g., Frey v. Commissioner, supra; Durrenberger v. Commissioner, supra; Brashear v. Commissioner, supra; Kemper v. Commissioner, supra; see also Keene v. Commissioner, supra at 19-20; Lunsford v. Commissioner, 117 T.C. 183, 189 (2001).  A principal scenario falling short of the necessary or productive standard exists where the taxpayers rely on frivolous or groundless arguments consistently rejected by this and other courts.  See, e.g., Frey v. Commissioner, supra; Brashear v. Commissioner, supra; Kemper v. Commissioner, supra.

Because no hearing had been conducted at all in petitioner's case, we declined to grant respondent's initial motion for summary judgment.  The record as it then existed did not foreclose the possibility that petitioner might have raised valid arguments had a hearing been held.  Accordingly, we provided petitioner an opportunity before the Court at the trial session in Phoenix to identify any legitimate issues she wished to raise that could warrant further consideration of the merits of her case by the Appeals Office or this Court.  Petitioner, however, merely offered generalized remarks regarding Forms 4340 and then expressly affirmed that she had no issues to raise other than those set forth in her Form 12153 and quoted in the Court's October 4, 2004, order.

Hence, despite repeated warnings and opportunities, the only contentions advanced by petitioner are, as will be further discussed below, of a nature previously rejected by this and other courts. The record therefore does not indicate that any purpose would be served by remand or additional proceedings. The Court concludes that all pertinent issues relating to the propriety of the collection determination can be decided through review of the materials before it on respondent's renewed motion for summary judgment.

### 2. Review of Underlying Liabilities

The evidentiary record establishes that a statutory notice determining deficiencies with respect to the 1993, 1994, 1995, and 1996 taxable years was issued to petitioner. Copies of the notice itself and a certified mail list clearly reflect that the notice was sent to petitioner's last known, and current, address. To the extent that petitioner made allegations to the contrary in her Form 12153, such contentions are refuted by the evidence and, in any event, were not pursued before the Court. Accordingly, because petitioner received a valid notice of deficiency and did not timely petition for redetermination, she is precluded under section 6330(c)(2)(B) from disputing her underlying tax liabilities in this proceeding.

### 3. Review for Abuse of Discretion

Petitioner has also made various arguments relating to aspects of the assessment and collection procedures that we review for abuse of discretion. Action constitutes an abuse of discretion under this standard where arbitrary, capricious, or without sound basis in fact or law. Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

Federal tax assessments are formally recorded on a record of assessment in accordance with section 6203. The Commissioner is not required to use Form 23C in making an assessment. Roberts v. Commissioner, 118 T.C. at 369-371. Furthermore, section 6330(c)(1) mandates neither that the Appeals officer rely on a particular document in satisfying the verification requirement nor that the Appeals officer actually give the taxpayer a copy of the verification upon which he or she relied. Craig v. Commissioner, 119 T.C. 252, 262 (2002); Nestor v. Commissioner, 118 T.C. at 166.

A Form 4340, for instance, constitutes presumptive evidence that a tax has been validly assessed pursuant to section 6203. Davis v. Commissioner, 115 T.C. at 40 (and cases cited threat). Consequently, absent a showing by the taxpayer of some irregularity in the assessment procedure that would raise a question about the validity of the assessments, a Form 4340 reflecting that tax liabilities were assessed and remain unpaid

is sufficient to support collection action under section 6330. Id. at 40-41. We have specifically held that it is not an abuse of discretion for an Appeals officer to rely on Form 4340, Nestor v. Commissioner, supra at 166; Davis v. Commissioner, supra at 41, or a computer transcript of account, Schroeder v. Commissioner, T.C. Memo. 2002-190; Mann v. Commissioner, T.C. Memo. 2002-48, to comply with section 6330(c)(1).

Here, the record contains a Form 4340 for each of the years at issue, indicating that assessments were made for the year and that taxes remain unpaid. Although petitioner generally asserted at trial that Forms 4340 are not conclusive proof, she failed to cite any specific irregularities with respect to the Forms 4340 introduced into evidence and pertinent to this proceeding that would cast doubt on the information recorded thereon.

In addition to the specific dictates of section 6330, the Secretary, upon request, is directed to furnish to the taxpayer a copy of pertinent parts of the record of assessment setting forth the taxpayer's name, the date of assessment, the character of the liability assessed, the taxable period, if applicable, and the amounts assessed. Sec. 6203; sec. 301.6203-1, Proced. & Admin. Regs. A taxpayer receiving a copy of Form 4340 has been provided with all the documentation to which he or she is entitled under section 6203 and section 301.6203-1, Proced. & Admin. Regs. Roberts v. Commissioner, supra at 370 n.7. This Court likewise

has upheld collection action where taxpayers were provided with literal transcripts of account (so-called MFTRAX). See, e.g., Frank v. Commissioner, T.C. Memo. 2003-88; Swann v. Commissioner, T.C. Memo. 2003-70. The June 11, 2003, letter to petitioner from the settlement officer enclosed copies of Forms 4340 for each year.

Petitioner has also denied receiving the "Notices of Assessment", presumably alluding to the notice and demand for payment that section 6303(a) establishes should be given within 60 days of the making of an assessment. However, a notice of balance due constitutes a notice and demand for payment within the meaning of section 6303(a). Craig v. Commissioner, supra at 262-263. The Forms 4340 indicate that petitioner was sent notices of balance due for the tax years involved, and petitioner has never denied receiving these notices. At trial, the Court explained to petitioner that no "magic words" were necessary; rather, "If the substance of the notice is that you owe money and for what year and how much, that may be sufficient to meet the statutory requirements." Petitioner at that point made no attempt to argue that she had failed to receive such a notice or notices.

Thus, with respect to those issues enumerated in section 6330(c)(2)(A) and subject to review in collection proceedings for abuse of discretion, petitioner has not raised any spousal

defenses, valid challenges to the appropriateness of the collection action, or collection alternatives. As this Court has noted in earlier cases, Rule 331(b)(4) states that a petition for review of a collection action shall contain clear and concise assignments of each and every error alleged to have been committed in the notice of determination and that any issue not raised in the assignments of error shall be deemed conceded. See Lunsford v. Commissioner, 117 T.C. at 185-186; Goza v. Commissioner, 114 T.C. 176, 183 (2000). For completeness, we have addressed various points advanced by petitioner during the administrative process or before us in Phoenix, but no meritorious items were pursued even in those proceedings. Accordingly, the Court concludes that respondent's determination to proceed with collection of petitioner's tax liabilities was not an abuse of discretion.

II. Section 6673 Penalty

Section 6673(a)(1) authorizes the Court to require the taxpayer to pay a penalty not in excess of $25,000 when it appears to the Court that, inter alia, proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless. In Pierson v. Commissioner, 115 T.C. 576, 581 (2000), the Court warned that taxpayers abusing the protections afforded by sections 6320 and 6330 through the bringing of

dilatory or frivolous lien or levy actions will face sanctions under section 6673. The Court has since repeatedly disposed of cases premised on arguments akin to those raised herein summarily and with imposition of the section 6673 penalty. See, e.g., Craig v. Commissioner, 119 T.C. at 264-265 (and cases cited thereat).

With respect to the instant matter, we are convinced that petitioner instituted and maintained this proceeding primarily for delay. Throughout the administrative process and even through the time of trial, petitioner advanced contentions and demands previously and consistently rejected by this and other courts. While her procedural stance concerning recording was correct, she ignored the Court's explicit warning that any further proceedings would be justified only in the face of relevant and nonfrivolous issues. Moreover, petitioner was expressly alerted to the potential use of sanctions in her case. Yet she appeared at the trial session in Phoenix without any legitimate evidence or argument in support of her position. She instead continued to espouse those positions that had been rejected in this Court's order of October 4, 2004, or in other cases previously decided by the Court.

Hence, petitioner received fair warning but has persisted in frivolously disputing respondent's determination. The Court

concludes that a penalty of $2,500 should be awarded to the United States in this case.  To reflect the foregoing,

<u>An appropriate order granting respondent's motion and decision for respondent will be entered</u>.