T.C. Memo. 2005-82


UNITED STATES TAX COURT


WILLIAM B. AND DIANE S. MEYER, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 13514-03L.             Filed April 11, 2005.


William B. and Diane S. Meyer, pro sese.

<u>Nancy C. Carver</u> and <u>Warren P. Simonsen</u>, for respondent.


MEMORANDUM OPINION


WELLS, <u>Judge</u>:  This matter is before the Court on respondent's motion for summary judgment, filed pursuant to Rule 121.  All section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

Petitioners are husband and wife. At the time of the filing of the petition, petitioners resided in Las Vegas, Nevada.

On April 15, 1997, petitioners filed a 1996 Form 1040, U.S. Individual Income Tax Return (tax return), reporting zero gross income for the 1996 tax year. With the tax return, petitioners submitted a document making the following assertions: (1) The Internal Revenue Code does not establish an income tax liability; (2) the tax return is not being filed voluntarily but out of fear of illegal governmental prosecution; (3) the "Privacy Act Notice" contained in the Form 1040 booklet informed petitioners that they are not required to file a return; (4) regulations requiring the filing of a tax return apply only to foreign earned income; (5) laws requiring taxpayers to provide information to the Federal Government violate taxpayers' Fifth Amendment rights; (6) courts have held that a Form 1040 with zeros inserted in the spaces provided qualifies as a tax return; (7) petitioners had zero income according to the Supreme Court's definition of income; (8) petitioners' 1996 tax return does not constitute a "frivolous" return for purposes of section 6702; and (9) no statute allows the IRS to change petitioners' tax return.

On August 13, 1998, respondent mailed a statutory notice of deficiency to petitioners. In the notice, respondent determined a corrected taxable income of $845,902, a deficiency of $312,721,

and a section 6662 accuracy-related penalty of $62,544.20.
Petitioners received the notice but did not file a petition with
this Court for a redetermination of the deficiency pursuant to
section 6213.  Consequently, respondent issued a Final Notice--
Notice of Intent to Levy and Notice of Your Right to a Hearing,
informing petitioners of respondent's intent to levy and of
petitioners' right to a hearing before respondent's Appeals
Office pursuant to section 6330.  In response, petitioners timely
filed a Form 12153, Request for a Collection Due Process Hearing.

In a letter dated April 25, 2003, Appeals Officer Jerry L.
Johnson notified petitioners that (1) the section 6330 hearing
had been scheduled for May 9, 2003, (2) petitioners would not be
permitted to record the hearing, and (3) petitioners could choose
a hearing by correspondence in lieu of a personal appearance
before Appeals Officer Johnson.  In response, petitioners
requested a hearing by correspondence and submitted a joint
affidavit containing a record of petitioners' contacts with
respondent and making various contentions.[1]

---

[1]The foregoing contentions include the following:  "To the
best of my knowledge, I am not, nor have I ever been, statutorily
liable or made liable for any tax pursuant to 26 USC."  In a
letter dated May 10, 2003, petitioners described the contentions
contained in their affidavit as follows:

You will find no frivolous arguments in the packet we
sent you.  Some of the issues we raised are as follows:

(continued...)

Before May 9, 2003, Appeals Officer Johnson provided petitioners with a Form 4340, Certificate of Assessments, Payments, and Other Specified Matters. The Form 4340 certified a deficiency of $312,721 and a section 6662 accuracy-related penalty of $62,544.20. The Form 4340 certified that respondent assessed the foregoing amounts and issued a "statutory notice of balance due" on February 7, 2000. The Form 4340 further certified that respondent subsequently issued a "notice of balance due" and a "statutory notice of intent to levy". Respondent's Supervisory Investigative Analyst Lee Hansen signed the Form 4340 on March 19, 2003.

Appeals Officer Johnson issued a letter dated May 9, 2003, as part of petitioners' section 6330 hearing by correspondence. The letter stated that (1) the underlying tax liability could not be challenged because petitioners had received a statutory notice of deficiency and had had an opportunity to dispute the underlying tax liability; (2) issues included the appropriateness of collection actions, offers of collection alternatives, and

---

[1](...continued)
- We have received no assessment certificate to date which includes our individual assessment.
- We have received no Notice and Demand.
- IRS computer records show some other party is using our Social Security number, so that NONE of the entries on our records can be relied upon as correct.
- There are numerous errors in our Individual Master File.

appropriate spousal defenses; (3) Appeals Officer Johnson had determined that the requirements of applicable law and administrative procedure had been met; (4) this Court has held that many arguments raised by petitioners are "tax protestor" arguments that need not be considered by Appeals officers in section 6330 hearings and that may result in sanctions pursuant to section 6673; and (5) petitioners would be allowed 10 days to raise any procedural issues with Appeals Officer Johnson.

On July 16, 2003, respondent issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, determining that the proposed levy action was appropriate. Petitioners timely filed a petition for lien or levy action, contending, inter alia, that (1) the Appeals Office did not consider petitioners' allegations of irregularities in the assessment procedure, (2) the Form 4340 relied upon by the Appeals Office is contradicted by respondent's records and was improperly certified, and (3) respondent did not issue a notice and demand in compliance with section 6303. Respondent filed a motion for summary judgment on April 9, 2004.

### Discussion

The purpose of summary judgment is to expedite litigation and avoid the expense of unnecessary trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). A motion for summary judgment may be granted where there is no dispute as to a

material fact and a decision may be rendered as a matter of law. See Rule 121(a) and (b).[2] The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences are viewed in a light most favorable to the nonmoving party. <u>Craig v. Commissioner</u>, 119 T.C. 252, 260 (2002); <u>Dahlstrom v. Commissioner</u>, 85 T.C. 812, 821 (1985); <u>Jacklin v. Commissioner</u>, 79 T.C. 340, 344 (1982). The party opposing summary judgment must set forth specific facts which show that a question of genuine material fact exists and may not rely merely on allegations or denials in the pleadings. See <u>Grant Creek Water Works, Ltd. v. Commissioner</u>, 91 T.C. 322, 325 (1988); <u>Casanova Co. v. Commissioner</u>, 87 T.C. 214, 217 (1986).

Section 6330 provides that no levy may be made on any property or right to property of a person unless the Secretary first notifies the person in writing of the right to a hearing before the Appeals Office.[3] Section 6330(c)(1) provides that the

---

[2]Rule 121(b) provides:

A decision shall thereafter be rendered if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. * * *

[3]SEC. 6330. NOTICE AND OPPORTUNITY FOR HEARING BEFORE LEVY.

(a) Requirement of Notice Before Levy.--

(1) In general.--No levy may be made on any
(continued...)

Appeals Officer must verify at the hearing that applicable laws and administrative procedures have been followed.[4] The Appeals Officer may rely on a Form 4340 for purposes of complying with section 6330(c)(1). <u>Nestor v. Commissioner</u>, 118 T.C. 162, 166 (2002). At the hearing, the person may raise any relevant issue relating to the unpaid tax or the proposed levy, including appropriate spousal defenses, challenges to the appropriateness of collection actions, and collection alternatives. Sec. 6330(c)(2)(A). However, the person may challenge the existence or amount of the underlying tax liability only if the person did not receive any statutory notice of deficiency for the tax liability or did not otherwise have an opportunity to dispute the

---

[3](...continued)
property or right to property of any person unless the Secretary has notified such person in writing of their right to a hearing under this section before such levy is made. * * *

\* \* \* \* \* \* \*

(b) Right to Fair Hearing.--

(1) In general.--If the person requests a hearing * * *, such hearing shall be held by the Internal Revenue Service Office of Appeals.

[4]Sec. 6330(c)(1) provides:

(1) Requirement of investigation.--The appeals officer shall at the hearing obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met.

tax liability. Sec. 6330(c)(2)(B);[5] Sego v. Commissioner, 114 T.C. 604, 610 (2000).

In the instant case, petitioners received a statutory notice of deficiency. Consequently, section 6330(c)(2)(B) precluded petitioners from challenging the underlying tax liability at the section 6330 hearing. Accordingly, we review the administrative determination for abuse of discretion. See Goza v. Commissioner, 114 T.C. 176, 181-182 (2000); Sego v. Commissioner, supra at 610.

The record establishes that the Appeals Office properly verified that all applicable laws and administrative procedures were followed. Appeals Officer Johnson had no prior involvement with respect to the unpaid tax liabilities before the section 6330 hearing. The Form 4340 shows that proper assessments were made and that requisite notices had been sent to petitioners. Petitioners raised no viable claims of procedural irregularities,[6] and respondent properly relied on the Form 4340 during the administrative process. See Nestor v. Commissioner, supra. Petitioners did not discuss collection alternatives.

---

[5]Sec. 6330(c)(2)(B) provides:

> (B) Underlying liability.--The person may also raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability.

[6]We address respondent's refusal to allow the recording of sec. 6330 hearings below.

Petitioners' contentions are frivolous and groundless and will not be refuted with copious citation and extended discussion.[7]  See Williams v. Commissioner, 114 T.C. 136, 138-139 (2000) (citing Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984)).  Consequently, although respondent improperly refused to allow any recording of the section 6330 hearing, see sec. 7521(a)(1), we conclude that (1) it is unnecessary and would not be productive to remand the instant case to the Appeals Office for another section 6330 hearing in order to allow petitioners to make an audio recording and (2) it is unnecessary and inappropriate to reject respondent's determination, see Lunsford v. Commissioner, 117 T.C. 183, 189 (2001); Kemper v. Commissioner, T.C. Memo. 2003-195.

Section 6673(a)(1) authorizes this Court to require a taxpayer to pay a penalty not in excess of $25,000 whenever the

---

[7]Petitioners' contentions are substantially similar to contentions raised by the taxpayer in Hiland v. Commissioner, T.C. Memo. 2004-225 (Taxpayer's complaints with respect to the administrative proceedings included the following:  No legitimate hearing under sec. 6330 ever took place; taxpayer was denied the opportunity to raise issues he deemed "relevant" (e.g., the "existence" of the underlying tax liability); and cited documentation had not been produced and/or addressed (e.g., record of the assessments, statutory notice and demand for payment, any "valid notice of deficiency", and verification from the Secretary that all applicable requirements were met)".  In that case, we held that the contentions raised by the taxpayer were frivolous and/or groundless, and we imposed a penalty pursuant to sec. 6673.

taxpayer's position is frivolous or groundless or the taxpayer has instituted or pursued the proceeding primarily for delay.

SEC. 6673.  SANCTIONS AND COSTS AWARDED BY COURTS.

(a) Tax Court Proceedings.--

(1) Procedures instituted primarily for delay, etc.--Whenever it appears to the Tax Court that--

(A) proceedings before it have been instituted or maintained by the taxpayer primarily for delay,

(B) the taxpayer's position in such proceeding is frivolous or groundless, or

(C) the taxpayer unreasonably failed to pursue available administrative remedies,

the Tax Court, in its decision, may require the taxpayer to pay to the United States a penalty not in excess of $25,000.

The record demonstrates that petitioners' contentions are frivolous and groundless, and we are convinced that petitioners instituted and maintained the instant proceeding primarily, if not exclusively, for purposes of delay.[8]  As noted above, respondent's letter dated May 9, 2003, informed petitioners that they risked a monetary penalty by making such arguments, but they continued to waste the limited resources of the Federal tax system.  Consequently, pursuant to section 6673(a)(1), we shall

---

[8]Petitioners have made the same frivolous and groundless contentions in a separate proceeding before this Court, docket No. 6901-03L, with respect to their 1997 tax year.

require petitioners to pay to the United States a penalty of $15,000.

To reflect the foregoing,

An appropriate order and decision for respondent will be entered.