T.C. Memo. 2005-81


UNITED STATES TAX COURT


WILLIAM B. AND DIANE S. MEYER, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 6901-03L.                    Filed April 11, 2005.


William B. and Diane S. Meyer, pro sese.

Ann M. Welhaf, Nancy C. Carver, and Warren P. Simonsen, for respondent.


MEMORANDUM OPINION


WELLS, Judge:  This matter is before the Court on respondent's motion for summary judgment, pursuant to Rule 121. All section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background[1]

Petitioners are husband and wife. At the time of the filing of the petition, petitioners resided in Las Vegas, Nevada.

On or about May 12, 1998, petitioners filed a 1997 Form 1040, U.S. Individual Income Tax Return (tax return), reporting zero gross income for the 1997 tax year. With the tax return, petitioners submitted a 1997 Form 1099-R, Distributions from Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., and a 1997 Form W-2, Wage and Tax Statement. The Form 1099-R reported a gross distribution from E.I. Dupont Pension Fund of $27,504, and the Form W-2 reported compensation from E.I. Dupont De Nemours and Co. of $342. Petitioners also submitted with the tax return a document making the following assertions: (1) The Internal Revenue Code does not establish an income tax liability; (2) the tax return is not

---

[1]Stipulations of fact signed by petitioners' former counsel on Feb. 13, 2004, were submitted by respondent as an exhibit to the instant motion for summary judgment. In their response to the motion, petitioners stated:

Due to the uncompleted process regarding the stipulations, and since there are inadvertent errors in the list that has been signed by both counsels, petitioners respectfully request permission to withdraw all stipulations attached to respondent's motion for summary judgment.

Because the foregoing stipulations of fact have not been filed with this Court pursuant to Rule 91, we do not consider petitioners' request for withdrawal and we do not consider the stipulations of fact contained in the exhibit.

being filed voluntarily but out of fear of illegal governmental prosecution; (3) the "Privacy Act Notice" contained in the Form 1040 booklet informed petitioners that they are not required to file a return; (4) laws requiring taxpayers to provide information to the Federal Government violate taxpayers' Fifth Amendment rights; (5) courts have held that a Form 1040 with zeros inserted in the spaces provided qualifies as a tax return; (6) petitioners had zero income according to the Supreme Court's definition of income; (7) petitioners' 1997 tax return does not constitute a "frivolous" return for purposes of section 6702; and (8) no statute allows the IRS to change petitioners' tax return.

On August 13, 1998, respondent mailed a statutory notice of deficiency to petitioners. In the notice, respondent determined a corrected taxable income of $1,088,854, a deficiency of $408,247, a section 6651(a)(1) failure-to-file addition to tax of $40,824.70, and a section 6662 accuracy-related penalty of $81,649. Petitioners received the notice but did not file a petition with this Court for a redetermination of the deficiency pursuant to section 6213. Consequently, respondent issued a Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing, informing petitioners of respondent's intent to levy and of petitioners' right to a hearing before respondent's Appeals Office pursuant to section 6330. In response,

petitioners timely filed a Form 12153, Request for a Collection Due Process Hearing.

On March 19, 2003, petitioners attended a section 6330 hearing with Appeals Officer Michael A. Freitag, who had no prior involvement with respect to petitioners' unpaid tax for 1997. Respondent had denied petitioners' request to record the hearing. Appeals Officer Freitag provided petitioners with a Form 2866, Certificate of Official Record, and a Form 4340, Certificate of Assessments, Payments, and Other Specified Matters. The Form 4340 certified a deficiency of $408,247, a section 6651(a)(1) failure-to-file addition to tax of $40,824.70, and a section 6662 accuracy-related penalty of $81,649. The Form 4340 certified that respondent assessed the foregoing amounts and issued a "statutory notice of balance due" on February 7, 2000. The Form 4340 further certified that respondent issued a "notice of balance due" on May 21, 2001 and a "statutory notice of intent to levy" on June 25, 2001. Respondent's Supervisory Investigative Analyst Lee Hansen signed the Form 4340 on February 7, 2003. Appeals Officer Freitag also provided petitioners with the following documents:

(1) A memorandum issued by respondent on May 2, 2002, stating that respondent will not permit audio and stenographic recordings of hearings before respondent's Appeals Office;

(2) a copy of <u>Pierson v. Commissioner</u>, 115 T.C. 576 (2000);

(3) respondent's publication entitled "Why I Have to Pay Taxes";

(4) respondent's publication entitled "The Truth About Frivolous Tax Arguments";

(5) a list of Internal Revenue Code sections; and

(6) a copy of a news release from the Justice Department asking the court to stop promoters of abusive tax schemes. Petitioners submitted a joint affidavit that contained a record of their contacts with respondent and made various contentions.[2] At the hearing, petitioners were provided an opportunity to but did not submit a viable collection alternative, such as an installment agreement or an offer in compromise.

On April 8, 2003, respondent issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, determining that the proposed levy action was appropriate. Before issuing the notice of determination, Appeals Officer Freitag reviewed respondent's records for petitioners' 1997 tax year, including the Form 4340.

Petitioners timely filed in this Court a petition for lien or levy action, contending, inter alia, that (1) the Appeals Office did not consider petitioners' allegations of

---

[2]The foregoing contentions include the following: "To the best of my knowledge, I am not, nor have I ever been, statutorily liable or made liable for any tax pursuant to 26 USC."

irregularities in the assessment procedure, (2) the Form 4340 relied upon by the Appeals Office is contradicted by respondent's records and was not prepared in accordance with Internal Revenue Manual instructions, (3) respondent did not issue a notice and demand in compliance with section 6303, and (4) respondent improperly denied petitioners' request to record the section 6330 hearing. Respondent filed a motion for summary judgment on April 1, 2004.

## Discussion

The purpose of summary judgment is to expedite litigation and avoid the expense of unnecessary trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). A motion for summary judgment may be granted where there is no dispute as to a material fact and a decision may be rendered as a matter of law. See Rule 121(a) and (b).[3] The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences are viewed in a light most favorable to the nonmoving party. Craig v. Commissioner, 119 T.C. 252, 260 (2002); Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985);

---

[3]Rule 121(b) provides:

A decision shall thereafter be rendered if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. * * *

Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).  The party

opposing summary judgment must set forth specific facts which

show that a question of genuine material fact exists and may not

rely merely on allegations or denials in the pleadings.  See

Grant Creek Water Works, Ltd. v. Commissioner, 91 T.C. 322, 325

(1988); Casanova Co. v. Commissioner, 87 T.C. 214, 217 (1986).

Section 6330 provides that no levy may be made on any

property or right to property of a person unless the Secretary

first notifies the person in writing of the right to a hearing

before the Appeals Office.[4]  Section 6330(c)(1) provides that the

Appeals officer must verify at the hearing that applicable laws

and administrative procedures have been followed.[5]  The Appeals

---

[4]SEC. 6330.  NOTICE AND OPPORTUNITY FOR HEARING BEFORE LEVY.

(a) Requirement of Notice Before Levy.--

(1) In general.--No levy may be made on any
property or right to property of any person unless the
Secretary has notified such person in writing of their
right to a hearing under this section before such levy
is made.  * * *

* * * * * * *

(b) Right to Fair Hearing.--

(1) In general.--If the person requests a hearing
* * *, such hearing shall be held by the Internal
Revenue Service Office of Appeals.

[5]Sec. 6330(c)(1) provides:

(1)  Requirement of investigation.--The appeals
officer shall at the hearing obtain verification from
(continued...)

Officer may rely on a Form 4340 for purposes of complying with section 6330(c)(1).  <u>Nestor v. Commissioner</u>, 118 T.C. 162, 166 (2002).  At the hearing, the person may raise any relevant issue relating to the unpaid tax or the proposed levy, including appropriate spousal defenses, challenges to the appropriateness of collection actions, and collection alternatives.  Sec. 6330(c)(2)(A).  However, the person may challenge the existence or amount of the underlying tax liability only if the person did not receive any statutory notice of deficiency for the tax liability or did not otherwise have an opportunity to dispute the tax liability.  Sec. 6330(c)(2)(B);[6] <u>Sego v. Commissioner</u>, 114 T.C. 604, 610 (2000).

Petitioners received a statutory notice of deficiency. Consequently, section 6330(c)(2)(B) precluded petitioners from challenging the underlying tax liability at the section 6330 hearing.  Accordingly, we review the administrative determination

---

[5](...continued)
the Secretary  that the requirements of any applicable law or administrative procedure have been met.

[6]Sec. 6330(c)(2)(B) provides:

(B) Underlying liability.--The person may also raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability.

for abuse of discretion.  See <u>Goza v. Commissioner</u>, 114 T.C. 176, 181-182 (2000); <u>Sego v. Commissioner</u>, 114 T.C. 604, 610 (2000).

The record establishes that the Appeals Office properly verified that all applicable laws and administrative procedures were followed.  Appeals Officer Freitag had no prior involvement with respect to the unpaid tax liabilities before the section 6330 hearing.  The Form 4340 shows that proper assessments were made and that requisite notices had been sent to petitioners. Petitioners raised no viable claims of procedural irregularities,[7] and respondent properly relied on the Form 4340 during the administrative process.  See <u>Nestor v. Commissioner</u>, <u>supra</u>. Petitioners were given the opportunity to but did not discuss collection alternatives at the sec. 6330 hearing.

Petitioners' contentions are frivolous and groundless and will not be refuted with copious citation and extended discussion.[8]  See <u>Williams v. Commissioner</u>, 114 T.C. 136, 138-139

---

[7]Petitioners' request to record the sec. 6330 hearing is discussed below.

[8]Petitioners' contentions are substantially similar to contentions raised by the taxpayer in <u>Hiland v. Commissioner</u>, T.C. Memo. 2004-225 ("Taxpayer's complaints with respect to the administrative proceedings included the following:  No legitimate hearing under sec. 6330 ever took place; taxpayer was denied the opportunity to raise issues he deemed "relevant" (e.g., the "existence" of the underlying tax liability); and cited documentation had not been produced and/or addressed (e.g., record of the assessments, statutory notice and demand for payment, any "valid notice of deficiency", and verification from the Secretary that all applicable requirements were met))".  In

(continued...)

(2000) (citing <u>Crain v. Commissioner</u>, 737 F.2d 1417, 1417 (5th Cir. 1984)).  Consequently, although respondent improperly denied petitioners' request to record the section 6330 hearing, see sec. 7521(a)(1), we conclude that (1) it is unnecessary and would not be productive to remand the instant case to the Appeals Office for another section 6330 hearing in order to allow petitioners to make an audio recording and (2) it is unnecessary and inappropriate under the circumstances of the instant case to reject respondent's determination, see <u>Keene v. Commissioner</u>, 121 T.C. 8, 19-20 (2003); <u>Lunsford v. Commissioner</u>, 117 T.C. 183, 189 (2001); <u>Kemper v. Commissioner</u>, T.C. Memo 2003-195.

Section 6673(a)(1) authorizes this Court to require a taxpayer to pay a penalty not in excess of $25,000 whenever the taxpayer's position is frivolous or groundless or the taxpayer has instituted or pursued the proceeding primarily for delay.

SEC. 6673.   SANCTIONS AND COSTS AWARDED BY COURTS.

(a) Tax Court Proceedings.--

(1) Procedures instituted primarily for delay, etc.--Whenever it appears to the Tax Court that--

(A) proceedings before it have been instituted or maintained by the taxpayer primarily for delay,

---

[8](...continued)
<u>Hiland</u>, we held that the contentions raised by the taxpayer were frivolous and/or groundless, and we imposed a penalty pursuant to sec. 6673.

(B) the taxpayer's position in such proceeding is frivolous or groundless, or

(C) the taxpayer unreasonably failed to pursue available administrative remedies,

the Tax Court, in its decision, may require the taxpayer to pay to the United States a penalty not in excess of $25,000.

The record demonstrates that petitioners' contentions are frivolous and groundless, and we are convinced that petitioners instituted and maintained the instant proceeding primarily, if not exclusively, for purposes of delay.[9]  Petitioners were provided with a copy of Pierson v. Commissioner, 115 T.C. at 581, in which we stated:

> we regard this case as fair warning to those taxpayers who, in the future, institute or maintain a lien or levy action primarily for delay or whose position in such a proceeding is frivolous or groundless.  See White v. Commissioner, 72 T.C. 1126, 1135-1136 (1979) (providing fair warning to taxpayers in deficiency actions who bring frivolous case merely for purposes of delay).

Consequently, pursuant to section 6673(a)(1), we shall require petitioners to pay to the United States a penalty of $15,000.

To reflect the foregoing,

An appropriate order and decision for respondent will be entered.

---

[9]Petitioners have made the same frivolous and groundless contentions in a separate proceeding before this Court, docket No. 13514-03L, with respect to their 1996 tax year.