**Larry R. JOHNSTON, Petitioner—Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent—Appellee.**

No. 05–70209.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 8, 2005.*

Decided Nov. 10, 2005.

———

Larry R. Johnston, Mesa, AZ, pro se.

Lynne L. Glasser, Donald L. Korb, Acting Chief Counsel Internal Revenue Service, Anthony T. Sheehan, Eileen J. O'Connor, Esq., DOJ–U.S. Department of Justice Tax Division, Washington, DC, for Respondent–Appellee.

Before: LEAVY, WALLACE, and BERZON, Circuit Judges.

MEMORANDUM **

Petitioner Larry Johnston appeals *pro se* from the Tax Court's summary judgment in favor of the Commissioner of Internal Revenue ("Commissioner") in his action contesting deficiencies for tax years 1993 to 1997. We have jurisdiction pursuant to 26 U.S.C. § 7482. We review de novo, *see Talley Indus. Inc. v. Comm'r*, 116 F.3d 382, 385 (9th Cir.1997), and we affirm.

Johnston's primary contention on appeal is that his case should be remanded for a second collection due process hearing so that he may record the hearing. Although a petitioner is entitled to record a collection due process ("CDP") hearing, 26 U.S.C. § 7521(a), a remand serves no useful purpose where a petitioner's remaining contentions are frivolous. *Keene v. Commissioner*, 121 T.C. 8, 22, 2003 WL 21525479 (2003); *Yuen v. United States*, 290 F.Supp.2d 1220, 1226 (D.Nev.2003). The tax court correctly concluded that a remand is unnecessary because the petition in the instant case raised only frivolous arguments. *Kemper v. Commissioner*, 86 T.C.M. 12, 16 (2003); *see also Frey v. Commissioner*, 87 T.C.M. 1170 (2004).

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

452

Furthermore, the Tax Court properly sustained the deficiency determination based on Forms 4340 for the years in question. *See Hughes v. United States,* 953 F.2d 531, 535–36 (9th Cir.1992).

AFFIRMED.