**William MEYER; Diane Meyer, Petitioners—Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent— Appellee.**

No. 05–73843.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 21, 2006.*

Decided Aug. 31, 2006.

William Meyer, Las Vegas, NV, pro se.

Charles S. Casazza, B. John Williams, Jr., Esq., Acting Chief Counsel, Internal Revenue Service, Robert L. Baker, Esq., U.S. Department of Justice, Tax Division, Washington, DC, for Respondent—Appellee.

Before: GOODWIN, REINHARDT, and BEA, Circuit Judges.

MEMORANDUM **

William Meyer and Diane Meyer appeal pro se from the Tax Court's summary judgment in favor of the Commissioner of Internal Revenue ("Commissioner") in their action contesting deficiencies for tax years 1996 and 1997. We have jurisdiction pursuant to 26 U.S.C. § 7482. We review de novo the grant of summary judgment, *Hansen v. United States*, 7 F.3d 137, 138

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

(9th Cir.1993) (per curiam), and review for abuse of discretion the imposition of sanctions, *Wolf v. Commissioner*, 4 F.3d 709, 716 (9th Cir.1993). We affirm.

We reject appellants' contention that the Commissioner failed to comply with 26 U.S.C. § 6303(a), which requires the Commissioner to issue a notice and demand after the assessment is made, because the Forms 4340 were presumptive evidence that taxpayers were provided with intents to levy, amongst other forms of notice. *See Hughes v. United States*, 953 F.2d 531, 536 (9th Cir.1992) (notices of intent to levy satisfy the notice and demand requirement of section 6303(a)); *Hansen*, 7 F.3d at 138 (holding that Form 4340 shows, in the absence of contrary evidence, that a notice and demand was properly made).

The Tax Court did not abuse its discretion by imposing a $15,000 penalty pursuant to 26 U.S.C. § 6673 for each year in question, because appellants filed tax returns claiming zero income, asserted that the Internal Revenue Code does not establish an income tax liability and that the payment of income taxes is voluntary, and forced the Internal Revenue Service to expend the cost of pursuing a collection action to recover over $900,000 in taxes owed. *See Wolf*, 4 F.3d at 716.

Appellants' remaining contentions lack merit.

**AFFIRMED.**

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.