127 T.C. No. 16

UNITED STATES TAX COURT

DOMINIC CALAFATI, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17529-03L.                    Filed December 26, 2006.

        P filed a motion for summary judgment in this sec.
6330, I.R.C., proceeding.  In his petition, P disputed
R's notice of determination concerning collection
action with respect to his 1998 tax liability on the
ground that he was not permitted by the IRS Appeals
Office to make an audio recording of his sec. 6330,
I.R.C., telephone hearing, in violation of sec.
7521(a)(1), I.R.C.  P informed R before the telephone
hearing that he intended to audio record the hearing
pursuant to sec. 7521(a)(1), I.R.C., and <u>Keene v.
Commissioner</u>, 121 T.C. 8 (2003).  R refused to permit P
to audio record the telephone hearing but did not
inform him of R's post-<u>Keene</u> policy that a taxpayer
could audio record a face-to-face hearing.  The parties
agreed to consider the scheduled telephone hearing
convened and then terminated, with no substantive
issues discussed, because P was not allowed to audio
record the hearing.

**Held**: Sec. 7521(a)(1), I.R.C., does not entitle P to make an audio recording of his sec. 6330, I.R.C., telephone hearing with the IRS Appeals Office.

**Held**, _further_, because of the uncertainty regarding a taxpayer's ability to audio record a sec. 6330, I.R.C., hearing existing at the time of P's sec. 6330, I.R.C., hearing, P's motion for summary judgment shall be granted in that the case is remanded for further proceedings consistent with this Opinion.

David S. Brady, for petitioner.

Jack T. Anagnostis, for respondent.

OPINION

MARVEL, _Judge_:  This matter is before the Court on petitioner's motion for summary judgment filed pursuant to Rule 121.[1]

## Background

This is an appeal from respondent's determination upholding the proposed use of a levy to collect petitioner's unpaid Federal income tax liability for 1998.  The only issues petitioner raises are whether, pursuant to the provisions of section 7521(a)(1), petitioner was entitled to audio record his section 6330 telephone hearing with the Internal Revenue Service Appeals Office (the Appeals Office) and, alternatively, whether

---

[1]All Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect at all relevant times.

petitioner was entitled to be informed, before the beginning of his section 6330 telephone hearing, of respondent's post-Keene policy that a face-to-face section 6330 hearing is the only section 6330 hearing section 7521(a)(1) entitles a taxpayer to audio record. Petitioner was a resident of Lansdale, Pennsylvania, when his petition in this case was filed.

Petitioner timely filed his 1998 individual Federal income tax return. On April 3, 2002, respondent issued a notice of deficiency (notice) in which he determined that petitioner was liable for an income tax deficiency of $8,173 and an accuracy-related penalty, pursuant to section 6662(a), of $1,634.60 for 1998. Petitioner sent a letter dated May 14, 2002, to the Internal Revenue Service (the Service) appealing the notice, but he did not petition this Court to review the notice. On August 26, 2002, respondent assessed the deficiency for 1998.

On December 21, 2002, respondent issued a Final Notice of Intent To Levy and Notice of Your Right to a Hearing with regard to petitioner's unpaid tax liability for 1998. On or around December 30, 2002, petitioner timely submitted a Form 12153, Request for a Collection Due Process Hearing (section 6330 hearing), in which he contended that "The administrative record contains egregious errors, and the correction of those errors will mitigate collection activity. Additionally, several procedural errors were committed violating administrative due

process." On July 8, 2003, after petitioner requested his hearing, we released our Opinion in Keene v. Commissioner, 121 T.C. 8 (2003). In Keene, we held that a taxpayer was entitled to audio record a face-to-face section 6330 hearing under section 7521(a).

By letter dated July 28, 2003, Appeals Officer Paula Stanton (the Appeals officer) informed petitioner that his section 6330 hearing was scheduled to take place on August 12, 2003, at the Service's Philadelphia, Pennsylvania, Appeals Office. Petitioner's representative, Albert Wagner (Mr. Wagner), telephoned the Appeals officer to reschedule the hearing for August 18, 2003, and to request that the hearing be conducted by telephone. Mr. Wagner also advised the Appeals officer that he intended to audio record the telephone hearing. The Appeals officer informed Mr. Wagner that audio recording would not be permitted. In response, Mr. Wagner stated that he still wanted to proceed with the telephone hearing.

On or around August 11, 2003, several days after the telephone conversation with Mr. Wagner, the Appeals officer received a facsimile dated August 7, 2003, from Mr. Wagner that confirmed Mr. Wagner's desire to participate in the August 18 telephone hearing and reiterated his intent to audio record the hearing "pursuant to IRC §7521(a)(1)" and "the recent Tax Court decision, * * * Keene v Commissioner". The Appeals officer did

not advise petitioner or Mr. Wagner of respondent's post-<u>Keene</u> policy that a taxpayer would be permitted to audio record a face-to-face section 6330 hearing but not a telephone hearing.

The telephone hearing scheduled for August 18, 2003, was rescheduled for August 20, 2003, and was convened on that date. At the beginning of the hearing, Mr. Wagner again informed the Appeals officer that he intended to audio record the hearing, and the Appeals officer again advised Mr. Wagner that the Appeals Office's policy did not permit audio recording. Mr. Wagner and the Appeals officer agreed that they would consider the hearing started and then terminated, with no substantive issues discussed, because the Appeals officer would not permit audio recording. After Mr. Wagner and the Appeals officer agreed the hearing was terminated, the Appeals officer notified Mr. Wagner that she would issue a notice of determination based on the information in her administrative file. The parties stipulated that petitioner would have continued with the telephone hearing had he been permitted to audio record it.

On September 16, 2003, respondent issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination) to petitioner. The notice of determination informed petitioner that respondent had determined that a levy was appropriate to collect the 1998 tax liability.

On October 14, 2003, the petition contesting the notice of determination was filed. The only error petitioner alleged was that the section 6330 hearing was not conducted in accordance with section 7521(a)(1). On December 4, 2003, respondent's answer, in which he denied he erred as alleged, was filed.

Petitioner subsequently filed a motion for summary judgment. In his motion, petitioner asserts there is no dispute as to any material facts and that he is entitled to audio record his section 6330 telephone hearing as a matter of law. We held a hearing on petitioner's motion. Both petitioner and respondent appeared and were heard. At the hearing, petitioner argued, in the alternative, that he should have received some advance notice of the fact that if he had requested a face-to-face meeting, then he would have been allowed to record it. Respondent's position is that section 7521(a)(1), which authorizes taxpayers to record "in-person interviews", is not applicable to section 6330 telephone hearings and that respondent had no obligation to notify petitioner of his policy regarding the recording of section 6330 hearings.

## Discussion

A. Summary Judgment

Summary judgment is a procedure designed to expedite litigation and avoid unnecessary, time-consuming, and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681

(1988). Summary judgment may be granted with respect to all or any part of the legal issues presented "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(a) and (b); see Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985).

B.   Section 6330 Hearing

Section 6331(a) provides that if any taxpayer liable to pay any tax neglects or refuses to pay such tax within 10 days after notice and demand for payment, then the Secretary[2] is authorized to collect such tax by levy upon the taxpayer's property. However, section 6330(a) requires the Secretary to send written

---

[2]The term "Secretary" means "the Secretary of the Treasury or his delegate", sec. 7701(a)(11)(B), and the term "or his delegate" means "any officer, employee, or agency of the Treasury Department duly authorized by the Secretary of the Treasury directly, or indirectly by one or more redelegations of authority, to perform the function mentioned or described in the context", sec. 7701(a)(12)(A).

notice to the taxpayer of the taxpayer's right to request a section 6330 hearing before a levy is made.

Section 6330 hearings are informal proceedings, not formal adjudications. <u>Katz v. Commissioner</u>, 115 T.C. 329, 337 (2000); <u>Davis v. Commissioner</u>, 115 T.C. 35, 41 (2000); sec. 301.6330-1(d)(2), Q&A-D6, Proced. & Admin. Regs. Ordinarily, a taxpayer is entitled under section 6330 to a face-to-face hearing with the Appeals Office. <u>Cox v. Commissioner</u>, 126 T.C. 237, 246 (2006); sec. 301.6330-1(d)(2), Q&A-D6 and D7, Proced. & Admin. Regs. If the taxpayer chooses not to participate in a face-to-face hearing, however, "the taxpayer will be given an opportunity for a hearing by correspondence or by telephone." Sec. 301.6330-1(d)(2), Q&A-D7, Proced. & Admin. Regs. Once the taxpayer has been given a reasonable opportunity for a hearing but has failed to avail himself of that opportunity, the Appeals officer, after reviewing the administrative file, may make a determination regarding whether respondent's proposed collection action may proceed. See, e.g., <u>Taylor v. Commissioner</u>, T.C. Memo. 2004-25, affd. 130 Fed. Appx. 934 (9th Cir. 2005); <u>Leineweber v. Commissioner</u>, T.C. Memo. 2004-17.

C. <u>Section 7521(a)(1) and the Right To Audio Record an "In-Person Interview"</u>

Section 7521(a)(1) provides that, upon advance request of a taxpayer, an officer or employee of the Service shall permit the taxpayer to make an audio recording of "any in-person interview

* * * relating to the determination or collection of any tax". However, neither section 7521(a)(1) nor the legislative history of section 7521 "directly and clearly defines or otherwise describes the term 'in-person interview'." <u>Keene v. Commissioner</u>, 121 T.C. at 14.

In his motion for summary judgment, petitioner contends that a telephone interview conducted pursuant to section 6330 qualifies as an "in-person interview" within the meaning of section 7521(a). Citing <u>Keene</u>, petitioner contends that he is entitled under section 7521(a) to audio record his telephone hearing. We consider petitioner's contentions below.

1. <u>Keene v. Commissioner and the Definition of "Interview"</u>

In <u>Keene</u>, we considered for the first time whether section 7521(a)(1) entitles a taxpayer to audio record a section 6330 hearing. In that case, the taxpayer requested a section 6330 hearing with the Appeals Office and informed the Appeals Office of his intent to audio record the hearing. <u>Id.</u> at 11. An Appeals officer scheduled a face-to-face hearing with the taxpayer but informed him that the Appeals Office would not allow audio or stenographic recordings of Appeals Office cases. <u>Id.</u> The taxpayer appeared for the face-to-face hearing. <u>Id.</u> at 13. When the Appeals officer again informed the taxpayer that he would not be allowed to record the hearing, the taxpayer decided he did not want the hearing because he could not record it. <u>Id.</u>

The taxpayer subsequently filed a petition in this Court in which he argued that he should have been permitted to record the face-to-face hearing.  Id.  The Commissioner contended that the taxpayer had no right to record the section 6330 proceeding because a section 6330 hearing was not an "in-person interview" within the meaning of section 7521(a)(1), section 7521 did not apply to hearings conducted by the Appeals Office, and a section 6330 hearing was not covered by section 7521 because it was a voluntary proceeding initiated by a taxpayer and was not an inquisitorial interview conducted by the Examination or Collection Division of the type described in section 7521.  Id. at 15-16.  We rejected the Commissioner's contentions.

In our analysis, we acknowledged that section 7521 and its legislative history neither defined nor explained the term "in-person interview".  Id. at 14.  Consequently, applying well-established principles of statutory interpretation, our analysis focused on what constitutes an interview:

> The term "interview" is defined by Webster's Third New International Dictionary Unabridged 1183-1184 (1993) as:
>
> a meeting face to face: a private conversation; usu: a formal meeting for consultation: CONFERENCE
>
> Similar definitions appear in other dictionaries.  For example, the American Heritage Dictionary (4th ed. 1970) defines the term "interview" as "a face to face meeting arranged for the discussion of some matter"; Webster's II New Riverside University Dictionary 639 (1984) defines the term as "a formal face-to-face meeting"; and Webster's New Collegiate Dictionary 600

(1979) defines the term as "a formal consultation" or "a meeting at which information is obtained".

Id. at 15.

Applying this analysis, we concluded that a section 6330 hearing has the "characteristics of an 'interview'" because the "meeting between the taxpayer and the Appeals officer is face-to-face, private, arranged for the discussion of specific matters, and formal in the sense that it is prescribed by law."  Id. at 16, 17 (emphasis added).  We also concluded that

> As the general and ordinary definitions of "interview" suggest, we think the exchange of information that occurs between a taxpayer and an Appeals officer during an administrative hearing conducted under section 6330 constitutes an "in-person interview" within the meaning of that term as used in section 7521(a)(1).

Id. at 16.

Because we were also persuaded that (1) a section 6330 hearing "is an integral part of the tax collection process and therefore relates to the 'collection of any tax' within the meaning of section 7521(a)(1)", (2) "denying the taxpayer's right to audio record would serve to undermine the safeguards in IRS collection actions that Congress created in section 6330", (3) the Commissioner's interpretation of section 7521 would have the anomalous result of allowing audio recording of interviews that we typically do not review but not allowing recording of proceedings we are statutorily charged with reviewing, and (4) having a transcript of the section 6330 hearing would facilitate

judicial review of the determination made by the Appeals Office with respect to the Commissioner's proposed levy, we held that the taxpayer had a statutory right under section 7521(a)(1) to audio record his section 6330 hearing.  Id. at 17-19.  However, we did not specifically address when an interview qualifies as "in-person" in Keene, presumably because that aspect of the taxpayer's argument was not contested by the Commissioner and could not reasonably be disputed on the facts of the case.  That issue is now before us.

2.    The Meaning of "In-Person" in Section 7521(a)

As we acknowledged in Keene, section 7521(a) does not define the term "in-person interview".  Although we held in Keene that a face-to-face section 6330 hearing qualified as an "in-person interview" within the meaning of section 7521(a), we did not decide whether other kinds of section 6330 hearings, such as the telephone hearing involved in this case, also qualified as an "in-person interview".

Where a term is not defined by statute, it is appropriate to accord the term its "ordinary meaning".  Nw. Forest Res. Council v. Glickman, 82 F.3d 825, 833 (9th Cir. 1996); Keene v. Commissioner, 121 T.C. at 14.  "And when there is no indication Congress intended a specific legal meaning for the term, courts may look to sources such as dictionaries for a definition."  Keene v. Commissioner, supra at 14-15; see also Muscarello v.

<u>United States</u>, 524 U.S. 125, 127-132 (1998).  The term "in-person" is defined by Merriam Webster's Collegiate Dictionary 867 (10th ed. 1997) as "in one's bodily presence".  Similar definitions appear in other dictionaries.  For example, the Oxford Dictionary and Usage Guide 440 (1995) and the American Heritage Dictionary 978 (1976) define the term as "physically present", and the New Shorter Oxford English Dictionary, Vol. 2, 2171 (1993) defines the term as "with one's own bodily presence" or "personally".

The ordinary meaning of the term "in person" supports respondent's argument that section 7521(a) refers to a face-to-face meeting between the interviewer and the person being interviewed.  Specifically in the context of section 7521, an "in-person interview" according to respondent contemplates an interview between a taxpayer and/or the taxpayer's representative and an officer or employee of the Service relating to the determination or collection of any tax.  See sec. 7521(a).  This interpretation of the language of section 7521(a) is also buttressed by section 7521(b) and its legislative history.

Section 7521(b)(1) provides that in the case of an "in-person interview with the taxpayer" relating to either the determination or collection of any tax, the Service is obligated to provide certain information to the taxpayer either before or at the initial interview.  Sec. 7521(b)(1)(A) and (B).  The

legislative history of section 7521 indicates that the Service may meet this obligation with a "written statement handed to the taxpayer" at or shortly before the initial in-person interview. H. Conf. Rept. 100-1104, at 213 (1988), 1988-3 C.B. 473, 703. Together, section 7521(b) and the legislative history suggest that Congress envisioned an "in-person interview" as an interview where both a Service representative and the taxpayer (or his representative), see sec. 7521(c), are physically present and able to "hand" information to each other.  See also IRS Field Serv. Advisory 200206055 (February 2002) and IRS General Litigation Bulletin No. 355 (April 1990), which generally distinguish section 7521 "in-person interviews" from "written communication or telephone conversations" between the Service and taxpayers.

We conclude, therefore, that the term "in-person interview" in section 7521(a) refers to an interview in which the IRS representative and the taxpayer and/or his representative are face-to-face, that is, they are within each other's physical presence.

D.   Application to Section 6330 Telephone Hearings

1.   Whether Section 7521(a)(1) Entitles Petitioner To Make an Audio Recording of His Section 6330 Telephone Hearing

Respondent contends that there is a material difference between the section 6330 hearing in Keene and the section 6330 hearing at issue here.  In Keene v. Commissioner, supra at 13,

the section 6330 hearing was a face-to-face meeting between the taxpayer and the Appeals officer. In this case, the section 6330 hearing was telephonic and did not involve any face-to-face meeting between petitioner and the Appeals officer. Respondent argues that the term "in-person interview" in section 7521(a)(1) requires a face-to-face meeting between the taxpayer and the presiding Appeals officer. Petitioner contends, however, that Keene confirms he is entitled to make an audio recording of his section 6330 telephone hearing because the hearing relates to the collection of tax and involves an exchange of information that qualifies as an "in-person interview" as that term is used in section 7521(a)(1) and that "it's not an issue of whether it's by telephone or not". We disagree with petitioner for the following reasons.

First, petitioner's position that Keene confirms he has a right to audio record his section 6330 hearing pursuant to section 7521(a)(1), regardless of whether it takes place face-to-face, by telephone, or otherwise, is not persuasive. In Keene, we held that section 7521(a)(1) entitled the taxpayer to audio record his section 6330 hearing because the hearing was an "in-person interview" with respect to the collection of tax. We concluded that the hearing had the characteristics of a section 7521(a)(1) "in-person interview", in part, specifically because the hearing "between the taxpayer and the Appeals officer is

face-to-face". Id. at 16-17 (emphasis added). Consequently, our analysis in Keene does not show that we considered the format of the section 6330 hearing irrelevant to our holding. Instead, our analysis in Keene reveals that for purposes of our holding, we only considered a face-to-face section 6330 hearing. See Wright v. Commissioner, T.C. Memo. 2005-291 ("In Keene * * *, this Court held that taxpayers are entitled, pursuant to section 7521(a)(1), to audio record a face-to-face section 6330 hearing." (Emphasis added.)).

Second, petitioner's interpretation of Keene is undermined by our application of Keene since we issued the Opinion. We have never applied our holding in Keene that a taxpayer is entitled to audio record his section 6330 hearing to anything other than a face-to-face meeting. See, e.g., Meyer v. Commissioner, T.C. Memo. 2005-81, affd. without published opinion 98 AFTR 2d 2006-6378, 2006-2 USTC par. 50539 (9th Cir., Aug. 31, 2006); Taylor v. Commissioner, T.C. Memo. 2005-74; Frey v. Commissioner, T.C. Memo. 2004-87; see also Yazzie v. Commissioner, T.C. Memo. 2004-233 (the Court described the taxpayer's section 6330 face-to-face hearing as an "in-person conference"), affd. 153 Fed. Appx. 456 (9th Cir. 2005); Johnston v. Commissioner, T.C. Memo. 2004-224 (the Court again described the taxpayer's section 6330 face-to-face hearing as an "in-person conference"), affd. 153 Fed. Appx. 451 (9th Cir. 2005).

Third, and most significantly, we reject petitioner's position because, as the general and ordinary definitions of "in-person" suggest, a section 6330 hearing that takes place by telephone is not a hearing where the parties, or their representatives, are within each other's bodily presence, or "in-person". To hold that a section 6330 telephone hearing is an "in-person interview" for purposes of section 7521(a)(1), therefore, would be contrary to well-settled rules of statutory construction because it would render the words "in-person" in section 7521 meaningless. Duncan v. Walker, 533 U.S. 167, 174 (2001) (statute ought to be construed so that no clause, sentence, or word is rendered superfluous, void, or insignificant); Weinberger v. Hynson, Westcott & Dunning, Inc., 412 U.S. 609, 633 (1973) ("all parts of a statute, if at all possible, are to be given effect"). For these reasons, we hold that section 7521(a)(1) does not entitle petitioner to make an audio recording of his section 6330 telephone hearing.[3]

---

[3]We recognize that several of the reasons we enumerated in Keene to support our holding that sec. 7521(a)(1) entitles a taxpayer to audio record his sec. 6330 face-to-face hearing would apply equally to a taxpayer who participates in a sec. 6330 telephone hearing. For example, a sec. 6330 telephone hearing is just as integral a part of the tax collection process as a face-to-face hearing, and a transcript of a section 6330 telephone hearing would facilitate judicial review of a determination made by the Appeals Office with respect to a proposed levy by the Commissioner just as a transcript of a face-to-face hearing would. See Keene v. Commissioner, 121 T.C. 8, 17-18 (2003). However, sec. 7521(a)(1) specifically limits a taxpayer's right
(continued...)

   2.  Whether Respondent Was Obligated To Advise Petitioner of
       His Post-Keene Policy on Audio Recording Section 6330
       Hearings

Alternatively, petitioner argues that respondent had an obligation to provide petitioner with information regarding his post-Keene policy on audio recording section 6330 hearings so that petitioner could have made an informed decision regarding the type of hearing to request.  Respondent disagrees, arguing that petitioner was offered a face-to-face hearing and rejected it in favor of a telephone hearing.  However, respondent offered the face-to-face hearing, and petitioner rejected it, before we had decided Keene.  We issued our opinion in Keene on July 8, 2003, more than a month before the August 20, 2003, telephone hearing was convened.  Respondent did not advise petitioner either before the August 20, 2003, telephone hearing or at the beginning of the telephone hearing when petitioner renewed his request to audio record the hearing, that petitioner could only audio record a face-to-face hearing.

Section 6330(a)(1) requires that the Secretary provide notice to a taxpayer of his right to a hearing before a levy is made on the taxpayer's property or on his right to property.

---

³(...continued)
to audio record collection interviews to those interviews that take place "in-person", and the "courts may not depart from the statutory text because they believe some other arrangement would better serve the legislative goals."  Herrgott v. U.S. Dist. Court for N. Dist. of Cal. (In re Cavanaugh), 306 F.3d 726, 731-732 (9th Cir. 2002).

Section 6330(a)(3) provides that the notice shall include, in simple and nontechnical terms, the amount of the unpaid tax, the right of the person to request the hearing, and the proposed action by the Secretary and the rights of the person with respect to such action. Section 6330(a)(3)(C)(ii) and (iii) specifically requires that the person whose property may be subject to a levy also be advised of "the procedures applicable to the levy and sale of property under this title" and "the administrative appeals available to the taxpayer with respect to such levy and sale and the procedures relating to such appeals". Section 6330(a) thus confirms that the Commissioner has an affirmative obligation to notify a taxpayer whose property or rights to property could be adversely affected by a proposed levy of his administrative appeal rights and the procedures relating to such appeal.

Respondent issued the notice advising petitioner of his right to a section 6330 hearing before we decided <u>Keene</u>.[4] Petitioner contends in effect that respondent's obligations to inform a taxpayer of his rights under section 6330 do not end with the mailing of a notice. Petitioner maintains that respondent had an obligation to inform him of his right under

_____

[4]We recognize that the notice furnished to petitioner under sec. 6330 could not have included any explanation of his rights under sec. 7521 and <u>Keene v. Commissioner</u>, <u>supra</u>, because our Opinion in <u>Keene</u> had not yet been filed when the notice was mailed to petitioner.

section 7521(a) to audio record a section 6330 face-to-face hearing but not a telephone hearing.  Under the circumstances of this case, we do not have to reach this issue.

Respondent does not dispute for purposes of petitioner's motion that, on or before the date of petitioner's section 6330 hearing, respondent had adopted, at least informally, an administrative position regarding the effect of our opinion in <u>Keene</u> on a taxpayer's right to audio record a section 6330 hearing (post-<u>Keene</u> policy).[5]  In addition, respondent admits that

---

[5]On Sept. 11, 2003, approximately 2 months after we filed our Opinion in <u>Keene</u>, the Office of Chief Counsel issued Notice CC-2003-031 (Sept. 11, 2003) to provide guidance to IRS personnel as to "when the Internal Revenue Service Office of Appeals will offer a taxpayer a face-to-face conference in a lien and levy case arising under I.R.C. §6320 or §6330."  In Notice CC-2003-031, the Office of Chief Counsel limited a taxpayer's right to obtain a face-to-face conference in a proceeding under sec. 6320 or 6330 in situations where the taxpayer has raised in his hearing request only frivolous or groundless arguments.  The notice provides that, if a taxpayer who has raised only frivolous or groundless arguments in his hearing request satisfies the Appeals Office that he is prepared to discuss nonfrivolous issues, the taxpayer may be offered a face-to-face conference, and, if he requests to do so, the taxpayer may audio record the conference in accordance with sec. 7521 and <u>Keene v. Commissioner</u>, <u>supra</u>.

Effective May 27, 2004, the Service revised Internal Revenue Manual (IRM) sec. 8.7.2, Special Collection Appeals Programs, to establish procedures for recording face-to-face hearings before the Appeals Office and to set forth requirements for making an audio recording of an Appeals Office conference.  Specifically, IRM sec. 8.7.2.3.6 acknowledges our Opinion in <u>Keene</u> and confirms that the Appeals Office will allow audio recordings of all types of cases that have face-to-face conferences on issues that are not deemed frivolous but will not allow recordings of telephone conferences.  Under 4 Administration, IRM (CCH), sec. 8.6.1, at

(continued...)

the Appeals officer did not advise petitioner or his representative of respondent's post-<u>Keene</u> policy prohibiting the audio recording of section 6330 telephone hearings but permitting the audio recording of a face-to-face hearing. Petitioner understandably complains that respondent's failure to inform him of the policy deprived him of the opportunity to make an informed decision regarding the format of his section 6330 hearing and his right under section 7521 to audio record it.[6] Petitioner states, and respondent does not dispute, that if petitioner had known about respondent's policy, petitioner would have requested a face-to-face hearing so that he could have exercised his right under section 7521 to audio record his section 6330 hearing.

We are not aware of any Service publication or announcement that would have put petitioner on notice of respondent's post-<u>Keene</u> policy before or at petitioner's scheduled section 6330 hearing on August 20, 2003. The regulations in effect on August

---

[5](...continued)
27,203, Conference and Settlement Practice, see sec. 8.6.1.2.5., at 27,207, Audio and Stenographic Recording of Conferences, and sec. 8.6.1.2.5.1, at 27,208, Recording Requirements, which were amended, effective May 13, 2004, to provide for audio recording of all cases that have face-to-face conferences on issues that are not deemed frivolous.

[6]Respondent does not allege that petitioner has asserted only frivolous or groundless arguments in his hearing request, nor does he contend that petitioner had no right to have a sec. 6330 face-to-face hearing. Rather, respondent contends that petitioner was given the opportunity to have a sec. 6330 face-to-face hearing but requested a telephone hearing instead.

20, 2003, did not set forth respondent's post-<u>Keene</u> policy regarding audio recording of section 6330 hearings, and respondent did not issue any guidance regarding the policy until September 11, 2003.

We recognize that our Opinion in <u>Keene</u> was not filed until July 8, 2003, less than 2 months before petitioner's section 6330 hearing was convened. We also recognize that the Service must have some reasonable period of time to evaluate the effect of an opinion like <u>Keene</u> and to educate its personnel regarding its application. Nevertheless, it is uncontested that, as of August 20, 2003, respondent had concluded that the right to record a section 6330 hearing that we recognized in <u>Keene</u> is limited to those section 6330 hearings conducted face-to-face.

This Court may remand a case to the Internal Revenue Service for a section 6330 hearing in appropriate circumstances. See <u>Lunsford v. Commissioner</u>, 117 T.C. 183, 189 (2001); <u>Kelby v. Commissioner</u>, T.C. Memo. 2005-25 (If a taxpayer is not afforded a proper opportunity for a section 6330 hearing, we can remand for a hearing if we believe it is necessary or productive). While we acknowledge that petitioner was offered a face-to-face hearing and rejected it in favor of a telephone hearing, we also recognize that petitioner made his decision before <u>Keene</u> was released and before respondent had issued any administrative guidance regarding its post-<u>Keene</u> position. In light of <u>Keene</u>

and the unusual circumstances established by the undisputed facts in this case, we conclude, in the exercise of our discretion, that petitioner should be given the opportunity to have a face-to-face hearing, which petitioner may audio record in accordance with section 7521(a).[7]  Consequently, we shall grant petitioner's motion for summary judgment, in part, in that we shall remand petitioner's case to the Appeals Office for further proceedings consistent with this Opinion, and we shall deny petitioner's motion to the extent that it asserts a right under section 7521 to audio record a section 6330 telephone hearing.

To reflect the foregoing,

An appropriate order

will be issued.

---

[7]Respondent does not contend that petitioner has asserted frivolous or groundless positions.  Consequently, this is not a case where it would be unproductive to remand the case.  See, e.g., Lunsford v. Commissioner, 117 T.C. 183, 189 (2001); Williams v. Commissioner, T.C. Memo. 2005-94.