T.C. Memo. 2013-79

UNITED STATES TAX COURT

MICHAEL J. HARPER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20408-11L.                    Filed March 18, 2013.

Michael J. Harper, pro se.

<u>Rebecca M. Clark</u>, for respondent.

MEMORANDUM OPINION

CHIECHI, <u>Judge</u>:  This case is before us on respondent's motion for summary judgment (respondent's motion).  We shall grant respondent's motion.

<u>Background</u>

The record establishes and/or the parties do not dispute the following.

Petitioner's mailing address was in Michigan at the time he filed the petition.

[*2]   Petitioner did not file a Federal income tax (tax) return for his taxable year 2007.[1]  Respondent prepared a substitute for return for that year.

Respondent issued to petitioner a notice of deficiency with respect to his taxable year 2007 (2007 notice of deficiency).  In that notice, respondent determined a deficiency in, and certain additions to, petitioner's tax for that year.  Petitioner did not file a petition with the Court with respect to the 2007 notice of deficiency.

On May 24, 2010, respondent assessed the tax and the additions to tax for petitioner's taxable year 2007 that respondent had determined in the 2007 notice of deficiency as well as interest as provided by law thereon.  (We shall refer to the amounts that respondent assessed on May 24, 2010, as well as interest as provided by law accrued after that date, as the 2007 unpaid liability.)

On May 24, 2010, and on certain dates thereafter, respondent issued to petitioner notices of balance due with respect to his 2007 unpaid liability.

On January 18, 2011, respondent issued to petitioner a final notice of intent to levy and notice of your right to a hearing (notice of intent to levy) with respect to his 2007 unpaid liability.

_____

[1]Moreover, petitioner did not file a tax return for any of his taxable years 2004, 2005, 2006, 2008, and 2009.  Respondent prepared a substitute for return for each of those years.

**[*3]**   Petitioner timely filed with respondent Form 12153, Request for a Collection Due Process or Equivalent Hearing (petitioner's Form 12153), and requested a hearing with respondent's Appeals Office (Appeals Office).  In that form, petitioner indicated his disagreement with the notice of intent to levy.[2]  In petitioner's Form 12153, petitioner requested an installment agreement and an offer-in-compromise as collection alternatives.

By letter dated March 23, 2011 (March 23, 2011 letter), a settlement officer with the Appeals Office (settlement officer) who was assigned petitioner's Form 12153 acknowledged receipt of that form.  That letter stated in pertinent part:

> Appeals received your request for a Collection Due Process (CDP) Hearing.  **I have scheduled a telephone conference call for you on May 11, 2011 at 1:00pm EST**.[3]  This call will be your primary opportunity to discuss with me the reasons you disagree with the collection action and/or to discuss alternatives to the collection action.

_____

[2]In petitioner's Form 12153, petitioner also indicated his disagreement with a notice of Federal tax lien filing.  The record does not establish that respondent issued to petitioner any such notice with respect to his taxable year 2007.  The notice of determination concerning collection action(s) under sec. 6320 and/or 6330 (notice of determination) with respect to petitioner's taxable year 2007 on which this case is based addresses solely the notice of intent to levy that respon-dent issued to petitioner with respect to his taxable year 2007.

[3]We shall refer to the telephonic conference with petitioner that the settle-ment officer scheduled for May 11, 2011, as the scheduled telephonic conference.

**[*4]   I will call you at * * *, the number you indicated on your CDP request**.

**If this time is not convenient for you**, the phone number has changed, **or you would prefer your conference to be held by face-to-face** at the Appeals office closest to your current residence, the school you attend or your place of employment or if you are a business, your business address, or by correspondence, **please let me know within fourteen (14) days from the date of this letter, no later than May 5, 2011.** I will discuss with you if there are any offices that may be more convenient for you (e.g., Appeals office nearest place of employment or school) when you contact me.

**Your attached letter requests a face to face hearing. In order to have a face to face you must be in full compliance. Our records indicate that you are currently missing you** [sic] **2004 and 2009**[4] **tax returns. Enclosed you will find the 1040's with the reported income for these years. * * * complete and sign these forms** [1040] **and fax them to me at the fax number listed above and also send me the completed** [Form] **433A also enclosed by April 5, 2011, I will be able to transfer your case at that time for a face to face hearing. If I do not receive this information by April 5, 2011 you will still be eligible for the telephone conference.**

        *        *        *        *        *        *        *

---

[4]The attachment to the notice of determination that respondent issued to petitioner with respect to his taxable year 2007 (quoted in pertinent part in the text below) stated that respondent did not have any tax returns from petitioner for his taxable years 2004 <u>through</u> 2009. It is immaterial to our resolution of respon-dent's motion that the settlement officer's March 23, 2011 letter is inconsistent in this regard with that attachment to the notice of determination. The record establishes that petitioner did not file a tax return for any of his taxable years 2004, 2005, 2006, 2007 (the taxable year involved here), 2008, and 2009. <u>See</u> <u>supra</u> note 1.

[*5]   During the hearing, I must consider:

- Whether the IRS met all the requirements of any applicable law or administrative procedure

- Any non frivolous issues you wish to discuss. These can include:

  1. Collection alternatives to levy such as full payment of the liability, installment agreement, offer in compromise or temporary suspension of collection action if the action imposes a hardship condition. Although they may not be considered an "alternative" to a notice of lien filing, these collection options may also be discussed at a lien hearing.

  2. Challenges to the appropriateness of collection action. If this is a lien hearing, you may ask us to determine if the notice of lien filing was appropriate and if you qualify for a lien withdrawal or other lien options, such as subordination.

  3. Spousal defenses, when applicable.

- We may also consider whether you owe the amount due, but **only if** you have not otherwise had an opportunity to dispute it with Appeals or did not receive a statutory notice of deficiency.

- We will balance the IRS' need for efficient tax collection and your legitimate concern that the collection action be no more intrusive than necessary.

*　　*　　*　　*　　*　　*　　*

For me to consider alternative collection methods such as an installment agreement or **offer in compromise, you must provide any**

**[\*6]  items listed below.  In addition, you must have filed all federal tax returns required to be filed.**

- **A completed Collection Information Statement (Form 433-A for individuals and/or Form 433-B for businesses.)**

- **Signed tax return(s) for the following tax periods.  Our records indicate they have not been filed:**
  **Type of Tax:  1040**
  **Period or Periods:  2004 and 2009**

- **Proof of estimated tax payments for the period(s) listed below:**
  **2001 or a corrected W4**

- **Other  All income and expense substantiation and three months of bank statements**

- **Form 656 Offer in Compromise**

**Please send me the items** requested **above within 14 days from the date of this letter, no later than May 5, 2011.  I cannot consider collection alternatives at your conference** without this information.  **I am enclosing the applicable forms and a return envelope for your convenience.**

\*        \*        \*        \*        \*        \*        \*

If you do not participate in the conference or respond to this letter, the determination and/or decision letter that we issue will be based on your CDP request, any information you previously provided to this office about the applicable tax periods, and the Service's administrative file and records.

In response to the settlement officer's March 23, 2011 letter, on May 8, 2011, three days before the scheduled telephonic conference, petitioner sent a

**[\*7]** letter (May 8, 2011 letter) to the settlement officer.  In that letter, petitioner

stated in pertinent part:

> You sent me your letter dated March 23, 2011 that was in response to my request for CDP Hearing, the copy attached.  In response to your letters, I do not wish to have a telephone conference nor do I wish to discuss this matter via correspondence since the majority of my questions over the years pertaining to this matter have gone unanswered.
>
> I requested a face-to-face hearing as I am entitled to under the law. The things I will discuss include collection alternatives, including OIC and payment schedule, procedural irregularities, and possibly Currently Non Collectible.  Please send me the necessary forms, including the financial statement form.
>
> What I am requesting is an in-person meeting as prescribed by law.
> \* \* \*
>
>     \*        \*        \*        \*        \*        \*        \*
>
> I would like a copy of all information, documentation and the administrative records you have on us before the CDP Hearing.  Please send me Form 4340 with the transcripts and certificate.  This is necessary for my CDPH.
>
> At the hearing, I will bring a tape recorder and a few witnesses to observe the process.  Please schedule the Hearing at the IRS office closest to my residence and notify me of the date, time and place. Please contact security and make arrangements for me to bring my tape recorder, etc. through the security check point.
>
> In your letter, you stated I would be allowed a face-to-face conference on any relevant, non-frivolous issues if I requested this in writing.  Is this still correct?  I have listed above in this letter the issues that will be raised.  These will not exclude me from the face-to-face confer-

**[*8]**   ence.  Please respond to my issues and concerns, and please provide me with the information I have requested from you.

As for this form 433-A and the other forms you have requested from me, there are no laws that require me to fill out this form before you *schedule* a face to face hearing.  In fact in <u>Brandt v. Commissioner</u>, T.C. 2009-16 a Collection hearing *was* held, but yet the taxpayer had not filed the applicable forms and was in fact granted an extension of 28 days beyond the date of the hearing to do so.  You requested that I complete a comprehensive financial form within 14 days.  Not only do you want the paperwork in advance of the *scheduling* of the hearing, but you are only giving me less than half that time to complete it.

I will work with appeals to provide all the necessary forms.  At the hearing, I will bring copies of my books and records.  Please schedule the hearing 90 days in advance so I can arrange my schedule.

After having received the May 8, 2011 letter from petitioner, the settlement officer called him to inform him that a face-to-face hearing could not be held until he provided the settlement officer with the information and the documents that the settlement officer had requested in her March 23, 2011 letter.  Petitioner did not respond to that telephone call.

On May 11, 2011, the date of the scheduled telephonic conference, the settlement officer called petitioner, but petitioner was not available.  On the same date, after petitioner failed to participate in the scheduled telephonic conference, the settlement officer sent him a letter (May 11, 2011 letter).  In that letter, the settlement officer stated in pertinent part:

[*9]  I sent you a letter dated March 23, 2011 offering you a telephonic Collection Due Process conference.  The conference was scheduled for May 11, 2011 at 1:00pm EST.

I tried calling you at the scheduled time but you were not available and you had not called to indicate that this date and/or time was not convenient.

The conference letter also asked that you send me the information I needed to consider the issues you raised in your request for a hearing.

- I never received the information from you.

Please be advised that we will make a determination in the Collection Due Process hearing you requested by reviewing the Collection administrative file and whatever information you have already provided.

If you would like to provide information for our consideration, please do so within 14 days from the date on this letter, no later than May 25, 2011.

We will promptly issue you a determination and/or decision letter with our findings.

In July 2012, petitioner sent one check or two checks to respondent with respect to his respective tax liabilities for his taxable years 2005 and 2006.[5]  The checks were dishonored, and respondent charged petitioner dishonored check fees.

_____

[5]The record does not establish whether petitioner sent one check with respect to his tax liability for his taxable year 2005 and one check with respect to his tax liability for his taxable year 2006 or whether he sent one check with respect to his respective liabilities for both of those years.  For convenience, we assume and state hereafter that petitioner sent two checks to respondent.

[*10] On August 10, 2011, the Appeals Office issued to petitioner a notice of determination with respect to his taxable year 2007. That notice stated in pertinent part:

### Summary of Determination

Appeals has determined that your Notice of Intent to Levy is sustained.

The notice of determination included an attachment that stated in pertinent part:

### SUMMARY AND RECOMMENDATION

You requested a Collection Due Process Hearing under authority of IRC Code 6330 in response to the proposed levy action on the above accounts. The request was timely as it was received within 30 days from the date of the levy notice.

Appeals has determined that the Notice of Intent to Levy is sustained.

### BRIEF BACKGROUND

On March 23, 2011 the Settlement Officer sent you a letter which scheduled a telephone conference for you on May 11, 2011 at 1:00pm EST. You were offered the opportunity to request a face to face conference but you did not send any of the requested information that was needed in order for the Settlement Officer to consider it for you. In the letter, you were asked to provide Form 433A, collection information statement with all income and expense substantiation and three months of bank statements along with Form 1040 for tax years 2004 through 2009, estimated tax payments for 2011 or a corrected W4 and Form 656 for the offer in compromise you requested. The

**[*11]**  Settlement Officer did not receive any of the requested information from you.

On May 8, 2011, the Settlement Officer received a letter from you requesting a face to face conference.  The Settlement Officer called you to advise you that a face to face could not be granted until you sent the requested information.  You did not respond to that telephone attempt.

On May 11, 2011 the Settlement Officer called you for your scheduled conference, You were not available.  You were advised that the call was in reference to you collection due process and that a letter would be sent dated May 11, 2011.  The Settlement Officer sent you the letter which stated that the telephone conference was attempted and that you had 14 days from the date of the letter which was by May 25, 2011 for you to provide any information you wished to be considered prior to determination on your account.  You were to provide this information within 14 days, no later than May 25, 2011; The Settlement Officer did not receive any information.

## DISCUSSION AND ANALYSIS

a. Verification of legal and procedural requirements:

Appeals has obtained verification from the IRS office collecting the tax that the requirements of any applicable law, regulation or administrative procedure with respect to the proposed levy or NFTL filing have been met.  Computer records indicate that the notice and demand, notice of intent to levy and/or notice of federal tax lien filing, and notice of a right to a Collection Due Process hearing were issued.

Assessment was properly made per IRC § 6201 for each tax and period listed on the CDP notice.

**[*12]**     The notice and demand for payment letter was mailed to the taxpayer's last known address, within 60 days of the assessment, as required by IRC § 6303.

There was a balance due when the CDP levy notice was issued or when the NFTL filing was requested.

There is no pending bankruptcy case, nor did you have a pending bankruptcy case at The Time the CDP was sent (11USC § 362(a)(6).

## Prior involvement

The Settlement Officer had no prior involvement with respect to the specific tax periods either in Appeals or Compliance.

## Collection statute verification

The collection statute has been suspended; the collection period allowed by statute to collect these taxes has been suspended by the appropriate computer codes for the tax periods at issue.

Collection followed all legal and procedural requirements and the actions taken or proposed were appropriate under the circumstances.

## Issues raised by the taxpayer

## Collection Alternatives Offered by Taxpayer

You requested the collection alternative of an installment agreement or an offer in compromise but you did not provide any of the requested information in order for the Settlement Officer to consider one for you.

## Challenges to the Existence of Amount of Liability

You disagree with your liability because you state that the tax

[*13] assessments were incorrect but you did not provide any information showing why. You annotated subordination, discharge or withdrawal of a lien. Our records show that the Notice of Federal Tax Lien has not been filed.

## Balancing of need for efficient collection with taxpayer concern that the collection action be no more intrusive than necessary.

The proposed collection action has been determined to be appropriate in you case. Although a levy is intrusive a levy is the most efficient method of collection remaining. You did not send in any requested information in order for the Settlement Officer to explore for collection alternatives. It is our judgment that the proposed levy action balances the need for efficient collection with your legitimate concern that the collection action be no more intrusive than necessary. [Reproduced literally.]

In the petition commencing this case, petitioner alleged in pertinent part:

2. Pursuant to IRC §§ 6320 and 6330, Petitioner requested a face-to-face Collection Due Process Hearing for the tax period 2007 within the 30-day time period allowed by statute, dated February 7, 2011. (Certificate of Service-- Exhibit B).

3. The IRS Appeals Office issued a "Notice of Determination Concerning Collection Action under Section 6320 and/or 6330" dated August 10, 2011. This denied Petitioner's lawful request and is hereby appealed. (Exhibit C).

\*     \*     \*     \*     \*     \*     \*

5. Appeals Officer Roseann Novetti sent taxpayer a letter dated March 23, 2011, scheduling a telephone conference for May 11, 2011 at 1 pm. The same letter indicated taxpayer could have a face to face hearing if he notified Ms. Novetti. (Exhibit E)

6. On May 8, 2011, taxpayer sent Ms. Novetti a letter requesting a face-to-face hearing. Petitioner never heard from Ms. Novetti after the May 8th letter. (Exhibit F)

7. Congress has set forth three pre-conditions for Collection Due Process Hearing (herein referred to as CDPH):

   a. Petitioner must make request.

   b. Petitioner must make request in a timely manner, 30 days.

   c. Petitioner must state the purpose of the hearing which includes collection alternatives, procedure irregularities, spousal relief and tax liability in some cases.

8. Petitioner complied with all of these. Further, the IRS has an extra precondition for taxpayer not to raise political, Constitutional and religious concerns. Petitioner complied with this extra requirement.

9. The IRS has other irregular and interesting preconditions such as filling out forms and submitting a payment schedule. These requirements are impossible for Petitioner to meet on the Appeals Office time table.

10. Petitioner stated in his CDPH Request that he would provide all applicable forms. In Brandt v. Commissioner, T.C. 2009-16, a Collection Hearing was granted even though Petitioner had not filed the applicable forms. *Brandt* was even granted an extension of 28 days beyond the date of the actual hearing to do so. Settlement Officer Novetti wanted all such paperwork prior to the scheduling of the CDPH.

11. The IRS illegally and wrongfully did not allow an in-person hearing and violated Petitioner's statutory and

administrative due process rights. Petitioner's rights under the administrative procedure code include an opportunity to appear before the fact-finding tribunal. The U.S. Tax Court has held many times that the law requires an in-person hearing. Marett v. CIR, Docket # 4048-061, decided 7 Jul 06; Shell v. CIR, Docket # 20188-05L, decided 31 May 06; Nelson v. CIR, Docket # 13212-05L, decided 7 Nov 05.

12. The Settlement Officer prematurely issued her Notice of Determination without taking into consideration Petitioner's reasoning for a face to face hearing. She failed to consider all available collection alternatives and the facts of the case.

13. Petitioner requested a face-to-face hearing so that he could tape record the hearing as is allowed by law pursuant to §7521 and Keene v. Commissioner, 121 T.C. 8 (2003) and Calafati v. Commissioner, 127 T.C. 16.

14. Petitioner requested a face-to-face hearing within the time period and raised relevant issues. Therefore taxpayer is entitled to an in-person hearing. Under IRC §§6320 and 6330, Petitioner is entitled to an in-person CDP hearing at a location convenient to him.

15. Petitioner was not given the opportunity to raise any relevant issue relating to the unpaid tax or the proposed levy at a hearing in accordance with IRC §§6320 and/or 6330(C).

16. Petitioner was not able to discuss collection alternatives, which is a relevant issue for a face-to-face hearing, be cause no in-person hearing was held. In Mesa Oil Inc. v. United States, No. 00-B-851 (D. Colo. Filed Nov. 21, 2000) the court decided that the CDP statute, I.R.C. §6330(c)(3), was ambiguous because it did not specify

[*16]    what factors the appeals officer needed to consider in performing the balancing analysis. The court held that the appeals officer must verify that she thoroughly considered the facts of the case, including the availability of alternative collection methods. (Paraphrased from Collection, Bankruptcy and Summonses Bulletin No. 428, November 2000).

17. At the in-person hearing, which should have been scheduled since Petitioner requested it and has relevant issues to discuss; Petitioner would have been present in person and brought with him a tape recorder, witnesses to observe the process and possibly a representative.

18. Petitioner understands that face-to-face hearings are not required but if a taxpayer asks for a face-to-face hearing, one must be granted on all non-frivolous issues. * * *

*      *      *      *      *      *      *

20. In the case of Schulz II, the U.S. Court of Appeals for the 2nd Circuit issued a definitive ruling: Independent judicial review is required for all IRS collection enforcement activities. Now, the IRS is like landlords, banks and loan companies who need a court hearing before state action. The Debtor is entitled to an independent judge to scrutinize the enforcement activities of all collection agencies. Harsh actions are no longer allowed without the acquiescence or intervention from a judge. A judge is defined as holding a lifetime appointment with no diminishment in salary. Schulz v. IRS, 2nd Circuit, June 2005, 413 F.3d 297(2d)NY, 95 A.F.T.R.2d 2005-3007, 2005 WL 152090.

*      *      *      *      *      *      *

22. Petitioner's rights were violated in the following manner:

**[\*17]**   A.   Petitioner was not granted an in-person hearing as he had requested;

B.   Petitioner did not have the opportunity to raise collection alternatives such as OIC, payment schedules, non-collectible status;

C.   Petitioner did not have the opportunity to examine the administrative record to verify that all procedural requirements had been met by the IRS and that all payments had been properly applied.

D.   This caused financial hardship for Petitioner as well as severe emotional and physical distress.

23.   Issuance of the Notice of Determination was inappropriate. It did not balance the need for efficient collection with Taxpayer's concerns that the collection action be no more intrusive than necessary.

24.   The Notice of Determination should be overturned, and a new proper CDP hearing should be scheduled. The Settlement Officer was not a person authorized to hold a CDPH.

Petitioner also alleged in the petition that he was seeking "judicial review of the IRS tax assessment under the due process clause of the United States Constitution". In this connection, petitioner alleged in the petition in pertinent part: "No government agency can take any action against any Citizen absent judicial intervention. Government agents are not allowed into people's homes or people's pocketbooks without review by the independent judiciary."

Petitioner concluded the petition by alleging:

[*18]    30.   This Petition explains Petitioner's position and Petitioner requests that the Court remand this case to Appeals Office and order the IRS to schedule a face-to-face hearing.

31.   In conclusion, Petitioner requests independent judicial review of IRS's enforcement actions. The courts have a long string of cases requiring a judicial intervention under the due process clause before state action against a Citizen. Therefore, this court should schedule a hearing to review or scrutinize the intended IRS police state activities.

**WHEREFORE**, Petitioner requests that the Notice of Determination be overturned and that a new, proper CDPH be scheduled.

Many of the allegations that petitioner made in the petition are very similar to allegations that we have seen advanced repeatedly by so-called tax protesters.

On October 26, 2012, we issued an Order in which we ordered petitioner to file a response to respondent's motion. In that Order, we also indicated that our review of the record suggested that petitioner might intend to advance in this case frivolous and/or groundless statements, contentions, arguments and/or questions. We reminded petitioner in the Order dated October 26, 2012, about section 6673(a)(1)[6] and admonished him that if he advanced frivolous and/or groundless statements, contentions, arguments, and/or questions and/or instituted or main-

---

[6]All section references are to the Internal Revenue Code in effect at all relevant times. All Rule references are to the Tax Court Rules of Practice and Procedure.

**[\*19]** tained this proceeding primarily for delay, we would impose on him a penalty

under section 6673(a)(1) in an amount not exceeding $25,000.

On December 4, 2012, petitioner filed a response to respondent's motion

(petitioner's response).

### Discussion

The Court may grant summary judgment where there is no genuine dispute of

material fact and a decision may be rendered as a matter of law. Rule 121(b);

Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th

Cir. 1994). We conclude that there is no genuine dispute as to any material

fact regarding the questions raised in respondent's motion.

Petitioner did not file a petition with the Court with respect to the 2007 notice

of deficiency that he received. Where, as is the case here, the validity of the underly-

ing tax liability is not properly placed at issue, the Court will review the determina-

tion of the Commissioner of Internal Revenue for abuse of discretion. Sego v.

Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176,

182 (2000).

It is petitioner's position that respondent abused respondent's discretion in

issuing the notice of determination with respect to his taxable year 2007. In support

of that position, petitioner relies in petitioner's response to respondent's **[\*19]** moti-

on on respondent's refusal to grant him a face-to-face hearing with respect to the

proposed collection action relating to that taxable year.[7]

In the settlement officer's March 23, 2011 letter to petitioner, she stated in

pertinent part:

> **Your attached letter requests a face to face hearing. In order to have a face to face you must be in full compliance. Our records indicate that you are currently missing you** [sic] **2004 and 2009 tax returns. Enclosed you will find the 1040's with the reported income for these years. * * * complete and sign these forms** [1040] **and fax them to me at the fax number listed above and also send me the completed** [Form] **433A also enclosed by April 5, 2011, I will be able to transfer your case at that time for a face to face hearing. If I do not receive this information by April 5, 2011 you will still be eligible for the telephone conference.**
>
>    *       *       *       *       *       *       *
>
> For me to consider alternative collection methods such as an installment agreement or **offer in compromise, you must provide any items listed below. In addition, you must have filed all federal tax returns required to be filed**.
>
> - **A completed Collection Information Statement (Form 433-A for individuals and/or Form 433-B for businesses.)**

---

[7]Petitioner relies in the petition on several additional allegations in support of his position that respondent abused respondent's discretion in issuing the notice of determination, including certain frivolous and/or groundless allegations. For example, petitioner alleged in the petition that his "rights were violated" because, inter alia, he "did not have the opportunity to examine the administrative record to verify that all procedural requirements had been met by the IRS and that all payments had been properly applied." We have rejected that type of allegation on numerous occasions. See, e.g., Craig v. Commissioner, 119 T.C. 252, 262 (2002).

[*21] • **Signed tax return(s) for the following tax periods. Our records indicate they have not been filed:**
**Type of Tax:  1040**
**Period or Periods:  2004 and 2009**

• **Proof of estimated tax payments for the period(s) listed below:**
**2001 or a corrected W4**

• **Other  All income and expense substantiation and three months of bank statements**

• **Form 656 Offer in Compromise**

**Please send me the items** requested **above within 14 days from the date of this letter, no later than May 5, 2011.  I cannot consider collection alternatives at your conference** without this information.  **I am enclosing the applicable forms and a return envelope for your convenience**.

\*        \*        \*        \*        \*        \*        \*

If you do not participate in the conference or respond to this letter, the determination and/or decision letter that we issue will be based on your CDP request, any information you previously provided to this office about the applicable tax periods, and the Service's administrative file and records.

In response to the settlement officer's March 23, 2011 letter, petitioner sent the settlement officer his May 8, 2011 letter.  In that letter, petitioner indicated that he would provide the settlement officer with the information and the documents that the settlement officer had requested from him in her March 23, 2011 letter only at a face-to-face hearing.

[*22]    After having received the May 8, 2011 letter from petitioner, the settlement

officer called him to inform him that a face-to-face hearing could not be held until he

provided the settlement officer with the information and the documents that the

settlement officer had requested in her March 23, 2011 letter.  Petitioner did not

respond to that telephone call.

We conclude that the settlement officer's refusal to schedule a face-to-face

hearing with petitioner unless he provided the information and the documents that the

settlement officer had requested in her March 23, 2011 letter was not an abuse of

discretion.  Indeed, the settlement officer's actions were consistent with section

301.6330-1(d)(2), Q&A-D8, Proced. & Admin. Regs.[8]

On May 11, 2011, the date of the scheduled telephonic conference, the

settlement officer called petitioner, but he was not available.  On the same date, after

petitioner failed to participate in the scheduled telephonic conference, the

---

[8]Sec. 301.6330-1(d)(2), Q&A-D8, Proced. & Admin. Regs., provides in
pertinent part:

> A face-to-face CDP conference concerning a collection alternative
> * * * will not be granted unless other taxpayers would be eligible for
> the alternative in similar circumstances.  For example, because the IRS
> does not consider offers to compromise from taxpayers who have not
> filed required returns * * * no face-to-face conference will be granted
> to a taxpayer who wishes to make an offer to compromise but has not
> fulfilled those obligations. * * *

[*23] settlement officer sent him the May 11, 2011 letter.  In that letter, the

settlement officer stated in pertinent part:

> I sent you a letter dated March 23, 2011 offering you a telephonic
> Collection Due Process conference.  The conference was scheduled for
> May 11, 2011 at 1:00pm EST.
>
> I tried calling you at the scheduled time but you were not available and
> you had not called to indicate that this date and/or time was not
> convenient.
>
> The conference letter also asked that you send me the information I
> needed to consider the issues you raised in your request for a hearing.
>
> - I never received the information from you.
>
> Please be advised that we will make a determination in the Collection
> Due Process hearing you requested by reviewing the Collection
> administrative file and whatever information you have already provided.
>
> If you would like to provide information for our consideration, please
> do so within 14 days from the date on this letter, no later than May 25,
> 2011.
>
> We will promptly issue you a determination and/or decision letter with
> our findings.

On August 10, 2011, the Appeals Office issued to petitioner the notice of

determination with respect to his taxable year 2007.  In that notice, that office

sustained the proposed collection action with respect to that taxable year.

**[\*24]** Based upon our examination of the entire record before us, we find that respondent did not abuse respondent's discretion in making the determinations in the notice of determination with respect to petitioner's taxable year 2007.

We consider sua sponte whether to impose on petitioner a penalty under section 6673(a)(1), a provision that we brought to his attention in our Order dated October 26, 2012. Section 6673(a)(1) authorizes us to require a taxpayer to pay to the United States a penalty in an amount not to exceed $25,000 whenever it appears to us, inter alia, that the taxpayer instituted or maintained a proceeding before us primarily for delay, sec. 6673(a)(1)(A), or that the taxpayer's position in a proceeding before us is frivolous or groundless, sec. 6673(a)(1)(B).

We believe that petitioner instituted and maintained this case primarily for delay and that the arguments in support of his position that he was entitled to a face-to-face hearing with the Appeals Office are frivolous and/or groundless. Nonetheless, we shall not impose a penalty under section 6673(a)(1) on petitioner at this time. We caution him that he may be subject to such a penalty if in the future he institutes or maintains a proceeding before us primarily for delay and/or his position in any such proceeding is frivolous or groundless. See Abrams v. Commissioner, 82 T.C. 403, 409-413 (1984); White v. Commissioner, 72 T.C. 1126, 1135-1136 (1979).

[*25]  We have considered any of petitioner's contentions and arguments that are not discussed herein and that are not frivolous and/or groundless, and we find them to be without merit, irrelevant, and/or moot.

On the record before us, we shall grant respondent's motion.

To reflect the foregoing,

An order granting respondent's motion and decision for respondent will be entered.