T.C. Memo. 2021-108

UNITED STATES TAX COURT

MICHELE LEE PAZDEN, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15833-19L.                    Filed September 2, 2021.

Michele Lee Pazden, pro se.

Marco Franco and Rachel L. Schiffman, for respondent.

MEMORANDUM OPINION

URDA, Judge:  In this collection due process (CDP) case petitioner, Michele

Lee Pazden, seeks review pursuant to section 6330(d)(1)[1] of a determination by the

_____

[1]Unless otherwise indicated, all section references are to the Internal
Revenue Code in effect at all relevant times, and all Rule references are to the Tax
Court Rules of Practice and Procedure.  We round all monetary amounts to the
nearest dollar.

[*2] Internal Revenue Service (IRS) Office of Appeals[2] that upheld a notice of intent to levy relating to her unpaid 2010 tax liability. The Commissioner has moved for summary judgment, while Ms. Pazden has moved for remand to the Office of Appeals for further proceedings.

The resolution of these motions turns on two questions: (1) whether Ms. Pazden is entitled to challenge her underlying tax liability for 2010 and (2) whether the Office of Appeals abused its discretion in sustaining the proposed levy in this case. Answering both in the negative, we will grant the Commissioner's motion and deny Ms. Pazden's.

## Background

The following facts are based on the parties' pleadings and motion papers, including the attached declarations and exhibits. See Rule 121(b). Ms. Pazden's residence was in New Jersey when she timely filed her petition.

A.    Ms. Pazden's Tax Liability

Ms. Pazden failed to timely file her 2010 Federal income tax return. The IRS thereafter sent Ms. Pazden a notice of deficiency dated June 3, 2013, based upon a substitute for return that the IRS had prepared under the authority conferred

---

[2]On July 1, 2019, the Office of Appeals was renamed the Independent Office of Appeals. See Taxpayer First Act, Pub. L. No. 116-25, sec. 1001, 133 Stat. at 983 (2019). We will use the name in effect at the times most relevant to this case, i.e., the Office of Appeals.

**[*3]** by section 6020(b). The notice determined a deficiency of $449,934, as well as additions to tax under section 6651(a)(1) for failure to file her tax return, section 6651(a)(2) for failure to pay tax, and section 6654 for failure to pay estimated tax, and statutory interest.

On August 30, 2013, Ms. Pazden sent a letter to this Court in which she specifically referenced in the subject line the "Notice of Deficiency * * * dated June 3, 2013", and began the text of the letter by noting that "[r]eference is made to the IRS notice dated June 3, 2013 which I received for the tax year 2010." This Court docketed Ms. Pazden's letter as the petition in docket No. 21012-13, later dismissing the case on December 23, 2013, for failure to pay the required filing fee.

During the pendency of that case, Ms. Pazden received a letter from the Office of Appeals dated December 11, 2013, which offered her an informal settlement conference. The letter requested that Ms. Pazden provide a 2010 tax return and supporting documentation by January 6, 2013.[3]

On April 19, 2014, Ms. Pazden sent a letter to the IRS enclosing Form 1040, U.S. Individual Income Tax Return, for her 2010 tax year, reporting −$1,500 in adjusted gross income and no tax due for that year.

---

[3]We find that the use of the year 2013 rather than 2014 was a mistake.

[*4] B.     CDP Proceedings and Audit Reconsideration

As part of its attempt to collect the outstanding 2010 liability, the IRS sent Ms. Pazden a notice of intent to levy and notice of her right to a hearing, dated December 5, 2017.[4]  Ms. Pazden timely requested a CDP hearing in a letter dated January 1, 2018.  In that letter Ms. Pazden challenged her underlying tax liability and urged the IRS to consider the Form 1040 she had filed in 2014.  She also indicated that she would pursue audit reconsideration.

1.     Audit Reconsideration Examination

Ms. Pazden formally requested audit reconsideration on February 6, 2018. In October 2018 the IRS determined that Ms. Pazden's request should be characterized as a claim adjustment, which required an examination.

The IRS subsequently assigned the case to a revenue agent.  As part of the examination the revenue agent gave Ms. Pazden an opportunity to discuss the case and to provide information substantiating her position.  The examination concluded in September 2019 with the IRS explaining in a letter that the information provided did not justify any change to its previous adjustments.  The IRS subsequently issued another letter on November 1, 2019, formally stating that Ms. Pazden's audit reconsideration did not result in any change.

---

[4]This notice also reported $371 due for 2014.  In subsequent proceedings the IRS conceded that the inclusion of tax year 2014 in the notice of intent to levy was erroneous and that Ms. Pazden had a zero-balance due for tax year 2014.

[*5]   2.   CDP Proceeding

The CDP proceeding traveled down a separate track.  On April 3, 2018, a settlement officer in the Office of Appeals sent Ms. Pazden a letter scheduling a CDP hearing.  The settlement officer explained that Ms. Pazden was precluded from raising the issue of her underlying liability as "the issue was raised and considered at a previous administrative proceeding."  The letter concluded by asking for certain information necessary to consider a collection alternative.

The settlement officer conducted a telephone CDP hearing with Ms. Pazden and her brother on May 8, 2018.  During that hearing Ms. Pazden confirmed that she was exclusively challenging her 2010 liability and was not interested in pursuing a collection alternative.  The settlement officer asserted that Ms. Pazden had had a previous opportunity to challenge the liability both in this Court and before the Office of Appeals and was precluded from doing so in the CDP hearing.  The settlement officer, however, stated that she would give time to allow the audit reconsideration process to play out.

The case later was transferred to a second settlement officer.  After conferring with the revenue agent in charge of the audit reconsideration examination, the second settlement officer elected to close the case in the Office of Appeals in light of Ms. Pazden's prior opportunities to contest the liability.  The Office of Appeals thereafter sent Ms. Pazden a notice of determination, dated

**[\*6]** August 7, 2019, upholding the proposed levy. The notice indicated that Ms. Pazden had failed to appear for a call with the Office of Appeals and stated that she was precluded from challenging her liability given her previous opportunities to do so and that she had raised no other issues.

Discussion

A.    Summary Judgment

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Under Rule 121(b) the Court may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). In deciding whether to grant summary judgment, we construe factual materials and inferences drawn from them in the light most favorable to the nonmoving party. Id. The nonmoving party, however, may not rest upon the mere allegations or denials of its pleadings but instead must set forth specific facts showing that there is a genuine dispute for trial. Rule 121(d); see Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

B.    Standard of Review

We have jurisdiction to review the Office of Appeals' determination pursuant to section 6330(d)(1). See Murphy v. Commissioner, 125 T.C. 301, 308

[*7] (2005), aff'd, 469 F.3d 27 (1st Cir. 2006). Where the validity of the underlying tax liability is properly at issue, we review the determination regarding the underlying tax liability de novo. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). We review all other determinations for abuse of discretion. Sego v. Commissioner, 114 T.C. at 610; Goza v. Commissioner, 114 T.C. at 182. In reviewing for abuse of discretion, we must uphold the Office of Appeals' determination unless it is arbitrary, capricious, or without sound basis in fact or law. See, e.g., Murphy v. Commissioner, 125 T.C. at 320.

C.      Underlying Liability

A taxpayer may raise a CDP challenge to the existence or amount of her underlying tax liability only if she did not receive a statutory notice of deficiency for the tax year at issue or otherwise have an opportunity to dispute it. See sec. 6330(c)(2)(B). Although the Office of Appeals concluded that Ms. Pazden both received a notice of deficiency and had a separate opportunity to dispute this before the Office of Appeals in 2013, we need go no further than the first point. Ms. Pazden plainly received the 2010 notice of deficiency, as evidenced by her August 30, 2013, letter to this Court referencing the "Notice of Deficiency * * * dated June 3, 2013." Accordingly, she was precluded from contesting her 2010

[*8] liability before the Office of Appeals during her CDP hearing and before us. See sec. 6330(c)(2)(B); Goza v. Commissioner, 114 T.C. at 182-183.

Ms. Pazden nonetheless argues that her audit reconsideration request and the subsequent examination should have triggered a second notice of deficiency for tax year 2010, giving her another opportunity to challenge the underlying liability. The IRS' authority to issue a notice of deficiency, however, is predicated on the Secretary's determining a deficiency in the taxpayer's income tax. See sec. 6212(a). The IRS here did not determine any additional tax deficiency in the wake of the audit reconsideration examination, and a second notice was not required.

D.     Abuse of Discretion

The only remaining question with respect to the motion for summary judgement is whether the second settlement officer abused her discretion in sustaining the proposed levy. Unpacking this general question, we review the record to determine whether the second settlement officer:  (1) properly verified that the requirements of applicable law or administrative procedure have been met; (2) considered any relevant issues Ms. Pazden raised; and (3) considered "whether any proposed collection action balance[d] the need for the efficient collection of taxes with the legitimate concern of * * * [Ms. Pazden] that any collection action

**[*9]** be no more intrusive than necessary." Sec. 6330(c)(3). Our review of the record establishes that she satisfied all of these requirements.

1.     Verification

As an initial matter, this Court has authority to review satisfaction of the verification requirement regardless of whether the taxpayer raised that issue at the CDP hearing. See Hoyle v. Commissioner, 131 T.C. 197, 200-203 (2008), supplemented by 136 T.C. 463 (2011). Ms. Pazden did not allege in her petition that the second settlement officer (or the first, for that matter) failed to satisfy this requirement and has set forth no specific facts showing that there is a genuine dispute for trial. See Rules 121(d), 331(b)(4) ("Any issue not raised in the assignments of error shall be deemed to be conceded."). In any event, our review of the record shows that both settlement officers conducted thorough reviews of the account transcripts and verified that all applicable requirements were met.

2.     Issues Raised

Aside from her challenges to the underlying liability, Ms. Pazden argues that the Office of Appeals abused its discretion by issuing the notice of determination before the conclusion of audit reconsideration. Ms. Pazden also attempts to conflate the CDP proceeding with audit reconsideration as a means to attack the

**[\*10]** audit's conclusion upholding the 2010 tax liability. Finally, she asserts that the IRS violated her rights as a taxpayer in several regards.[5]

"Audit reconsideration is a substantive review of the taxpayer's liability that may result in the abatement of an assessed tax liability." Tucker v. Commissioner, 135 T.C. 114, 148 (2010), aff'd, 676 F.3d 1129 (D.C. Cir. 2012). "A grant of audit reconsideration is discretionary and any audit is conducted outside the CDP process". Durda v. Commissioner, T.C. Memo. 2017-89, at \*8 n.3. A settlement officer, as here "does not abuse her discretion in declining to wait for the results of a request for audit reconsideration before issuing a notice of determination." Wong v. Commissioner, T.C. Memo. 2020-32, at \*10; see also Baltic v. Commissioner, 129 T.C. 178, 183-184 (2007).[6] Nor do we have jurisdiction under section 6330(d)(1) to review the results of an independent audit reconsideration, as Ms. Pazden repeatedly invites us to do.

---

[5]The petition does not address the issue of collection alternatives, and we therefore treat that matter as conceded. See Rule 331(b)(4). We further note that Ms. Pazden never proposed a collection alternative in the Office of Appeals. It is not an abuse of discretion for a settlement officer not to consider any collection alternatives where none has been proposed. See Kendricks v. Commissioner, 124 T.C. 69, 79 (2005).

[6]Ms. Pazden argues that the decision to issue the notice of determination was also grounded on a misunderstanding that Ms. Pazden had not appeared for a call during audit reconsideration. To the extent this observation was an error, it was harmless. See Perkins v. Commissioner, 129 T.C. 58, 70-71 (2007). The issuance of the notice of determination was justified by Ms. Pazden's decision to raise only the precluded issue of her underlying liability during the CDP proceeding.

**[*11]** Ms. Pazden's argument that the IRS violated her rights as a taxpayer likewise is unavailing. Section 7803(a)(3) provides a statutory enumeration of taxpayer rights. See Atl. Pac. Mgmt. Grp., LLC v. Commissioner, 152 T.C. 330, 336 (2019) (citing Protecting Americans from Tax Hikes Act of 2015, Pub. L. No. 114-113, sec. 401(a), 129 Stat. at 3117). "[S]ection 7803(a)(3) itself does not confer any new rights on taxpayers; it merely lists 'taxpayer rights as afforded by other provisions of' the Code." Id.; see also Moya v. Commissioner, 152 T.C. 182, 197 (2019). Ms. Pazden's conclusory allegation that her rights have been violated is insufficient to create a genuine dispute as to whether the Office of Appeals abused its discretion in upholding the proposed levy here. See Rule 121(d) (explaining that the party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of such party's pleading," but the objecting party's response "must set forth specific facts showing that there is a genuine dispute for trial"); see also Siebert v. Commissioner, T.C. Memo. 2021-34, at *16 (citing Celotex Corp., 477 U.S. at 324).

3.     Balancing

Ms. Pazden did not allege in her petition or argue at any later point that the settlement officer failed to consider "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary."

[*12] Sec. 6330(c)(3)(C). She thus has conceded this issue. See Rules 121(d), 331(b)(4); see also Ansley v. Commissioner, T.C. Memo. 2019-46, at *19. In any event we see nothing to disturb the second settlement officer's express conclusion in the notice of determination that the proposed levy action balanced the need for efficient tax collection with any legitimate concerns of Ms. Pazden about intrusiveness.

E.     Remand

Consistent with our ruling on the Commissioner's motion for summary judgment, we will deny Ms. Pazden's motion to remand. Remand is not appropriate unless it would be productive or serve a useful purpose. See, e.g., Johnston v. Commissioner, 153 F. App'x 451, 451 (9th Cir. 2005) (upholding the Tax Court's decision not to remand on the grounds that it would serve no useful purpose since the arguments made by taxpayer were frivolous), aff'g without published opinion T.C. Memo. 2004-224; Burke v. Commissioner, 124 T.C. 189, 194 n.5 (2005) (declining to remand a CDP case because it would not be productive). We will generally order a remand when we have significant questions about the settlement officer's actions in a case "that are directly related to our evaluation of the exercise of her discretion." Boettcher v. Commissioner, T.C. Memo. 2021-4, at *16. Here, we have no such questions.

**[*13]** F.	<u>Conclusion</u>

Finding no abuse of discretion in any respect, we will deny Ms. Pazden's motion to remand and grant summary judgment to the Commissioner affirming the IRS' determination to sustain the collection action for the year at issue.

To reflect the foregoing,

<u>An appropriate order and decision</u>

<u>will be entered</u>.